MARGARET RUCKMAN, by her next friend, etc., *v.* RUCKMAN and others.

(*Circuit Court, D. New Jersey.* April 6, 1880.)

REMOVAL OF CAUSE—ACT OF MARCH 3, 1875—UNNECESSARY PARTY.—In a suit in equity to determine the ownership of a bond and mortgage, the mortgagor is not, under the circumstances of the case in controversy, a necessary party defendant, and, therefore, the suit may be removed, under the act of March 3, 1875, where all the other defendants join in the petition for removal.

SAME—GROUND OF REMOVAL—PETITION.—A cause may be removed under the act of March 3, 1875, where the whole record discloses a case over which the court has jurisdiction, although the ground of removal be erroneously alleged in the petition.

Motion to Remand.

*Robert Allen, Jr.,* for petitioner.

*Jacob Weart,* for complainant.

NIXON, J. The suit is brought by Margaret Ruckman, wife of one Elisha Ruckman, a citizen of the state of New York, by her next friend, Samuel M. Hopping, a citizen of the state of New Jersey, against Elisha Ruckman, a citizen of the state of New York, and John F. Boylan and James H. Marley, citizens of the state of New Jersey.

The case differs from the suit by the same complainant against the Palisade Land Company and others,* which I have just considered, from the fact that one of the defendants, (Boylan,) who petitions for the removal, is a citizen of a different state from that of the complainant, and seems to be "actually interested" in a controversy which is wholly between him and her, and which can be "fully determined as between them."

The bill sets up, in substance, that the complainant is the wife of the defendant Ruckman, now living in a state of separation from him; that he was a man of large wealth, and began in the year 1877 to make settlements of his estate upon her by placing loans in her name, and having bonds and mortgages made to her, and having other bonds and mortgages assigned to her to hold as her separate estate; that in

*Ante, 367.

the month of September, 1878, he loaned to the defendant James H. Marley $5,000, with the promise to complainant that the bond and mortgage to be given by Marley as security for the loan should be made directly to her as part of said settlement; that the bond and mortgage were in fact executed by Marley and wife to John F. Boylan, who shortly afterwards, in pursuance of an understanding and agreement with her husband, signed, sealed and acknowledged an assignment of the same to the complainant, whereby the title to the mortgage became vested in her; that afterwards, on demand, he refused to surrender the papers to her, claiming ownership in himself, by purchase for valuable consideration from Elisha Ruckman, which she charges is a mere contrivance between the defendant Boylan and her husband to deprive her of the benefit of the gift.

The prayers of the bill are, (1) that the defendant Elisha Ruckman may be decreed to pass over to the complainant the bond and mortgage, if the same are in his possession or under his control; (2) that the defendant John F. Boylan may be decreed to deliver up to complainant the bond, mortgage and assignment thereof, if the same continue in his possesion or under his control; (3) that if the assignment heretofore made by the said Boylan to the complainant has been destroyed, he may be decreed to execute and surrender to her a second assignment, so as to fully vest the legal title in her; (4) that as between the complainant and defendants Elisha Ruckman and John F. Boylan, and every person who has obtained a secret interest in the bond and mortgage, a decree may be made vesting the title, and the debt secured by the same, in the complainant; and (5) that it may be decreed in what sum the said Marley was indebted to the complainant upon said bond and mortgage, and that he may be protected by a decree from all loss in the payment of the mortgage debt to the complainant.

The answer of Boylan admits the due execution of the bond and mortgage to him by Marley and wife, and states that he had no interest in the transaction at that time, as Ruckman furnished the money for the loan; that he understood, either

from his father or Ruckman, that the object in taking the mortgage in his name was to avoid any liability to attachment of the debt by one Burgholtz, a judgment creditor of Ruckman; that at the request of Ruckman he executed and delivered to him, about the same time, an assignment of the bond and mortgage to the complainant; that Ruckman held them until February or March, 1879, when he proposed to return to him the assignment of said bond and mortgage, cancelled and destroyed, and to redeliver to him the bond and mortgage, in consideration that he (Boylan) should give to him his promissory notes for the said sum of $5,000, bearing even date with the bond and mortgage, and payable in one year; that, regarding the bond and mortgage as a good investment, he accepted the offer, delivered his notes in good faith, and took the papers in his possession as his own property, and that he still holds the same.

It thus appears that the subject-matter of the suit is the ownership of the bond and mortgage, which is claimed by the complainant on the one hand, and by Boylan on the other. They are citizens of different states. The pleadings reveal a controversy in the suit "wholly between them," and which can be "fully determined as between them," and in which the petitioner Boylan "has an actual interest."

These facts bring it within the second clause of the second section of the act of 1875, unless it ceases to be a suit between citizens of different states, because there happens to be other defendants in the cause, one of whom is a citizen of the same state with the complainant.

This question may still be regarded as an open one, although the tendency of judicial opinion is in favor of the jurisdiction of the courts of the United States in such a case. The congress, in its last legislation on the subject, adopted, substantially, the language of the eleventh section of the third article of the constitution, and thus seemed to design to confer upon the circuit court all the jurisdiction which the constitution warranted. I had occasion to examine the question with some care, in a recent case, and I came to the conclusion that when the real controversy in a suit was

between citizens of different states, these parties were entitled to have the cause adjudicated by the courts of the United States, although there might be other persons in the suit who were citizens of the same state with a person or persons on the opposite side.   *Bank of Dover* v. *Dodge, Meigs et al.* 25 Int. Rev. Rec. 304.

To the same effect was the opinion of Judge Drummond, in *Osgood* v. *The Railroad Company*, 6 Biss. 339, in which he says: "If the whole suit is removed because of the principal controversy between citizens of different states, and in order fully to determine that, as between them, other controversies between citizens of the same state arise in the suit, there is no objection to the federal court taking jurisdiction of the latter.   It is a matter of common practice to do this in the settlement of legal and equitable rights.   Having control and jurisdiction of the principal, the incidents go with it."   And see *Taylor* v. *Rockefeller*, 18 Am. Law Reg. (N. S.) 309.

There is another view of the case, which, perhaps, will sustain the removal.

The petitioners are Ruckman and Boylan.   The only other defendant is the mortgagor, Marley, and he can hardly be regarded as a necessary party to the suit.   He certainly has no interest in the controversy between the other parties.   The object in bringing him in was to obtain an order restraining him from paying the mortgage debt to any one until the question of ownership was determined.   Such injunction was obtained upon filing the bill.   He has not answered, and in regard to him the only decree asked for is that he may be protected by the court, in the event of his paying the bond and mortgage to the complainant.   It is of no importance to him whether the final decree shall declare the complainant or Mr. Boylan to be the owner.   He has the money to pay only once, and he will be entitled to the surrender and cancellation of the mortgage when that payment is made.

It is a well settled principle that the jurisdiction of the court of the United States cannot be defeated in cases of this sort by joining unnecessary parties.   *Wormly* v. *Wormly,*

8 Wheat. 421. In *Wood* v. *Davis,* 18 How. 469, the supreme court says "that formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction if the citizenship or character of the real parties be such as to confer it within the eleventh section of the judiciary act."

If then, as here, all the defendants who are actual parties to the controversy in the suit join in the petition, may not the removal take place under the first clause of the section, in which the conditions of removal are that the suit shall embrace a controversy between citziens of different states, and one or other of the parties shall petition for the removal?

The suggestion was made on the argument that as the petition for removal alleged as authority for the same one of the grounds stated in the first clause of the second section of the act, if the court found, upon inquiry, that the cause did not fall within these provisions, it should be remanded, without looking further and ascertaining whether the record disclosed any other ground on which the removal could be based.

I do not so understand the law. The question in this court is not whether the counsel for the petitioners comprehends and assigns the true reasons for the removal, but whether the whole record reveals a case over which the court has jurisdiction. No matter how irregularly the petition brings up the suit, when it is here the only question is whether it involves a controversy properly within the jurisdiction of the court. If it does, it will not be remanded because a mistake was made by the counsel of the petitioners in assigning grounds for the removal which prove to be untenable. Such is a fair construction of the provisions of the fifth section of the act, and such, I understand, was held to be the law by Judge Drummond, in *Osgood* v. *The Ry. Co.* 6 Biss. 336.

The motion to remand is denied.