## CONNELL *v.* SMILEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 14. Submitted January 22, 1895. — Decided March 4, 1895.

A party in a cause pending in a state court who petitions for its removal to a Federal court, or who consents to its removal, cannot after removal object to it as not asked for in time.

It is the duty of this court, however, to consider objections to the removal of a cause from a state court which are apparent on the record.

In this case it does not appear from the record that the controversy was not a separable controversy, or that the case was improperly removed.

THIS was an action originally brought March 16, 1887, by John A. Smiley, a citizen of Nebraska, against William J. Connell, also a citizen of that State, in the District Court of Douglas County, Nebraska, to quiet title to eighty acres of land. The petition alleged that the plaintiff made a deed of the tract in which a proposed corporation was named as grantee, which was deposited in escrow to be delivered when the corporation was fully organized and certain stock issued to plaintiff; that the corporate enterprise was abandoned, but the deed, contrary to intention and without plaintiff's knowledge or consent, was placed on record; that one Frederick Lay recovered judgment against the corporation, and the land was sold on execution issued thereon, and bid in by Lay's attorneys, one of whom was Connell, and conveyed by the sheriff to them, and by Connell's associate to him; that plaintiff was in ignorance of this until long after; that the corporation had reconveyed and that Lay had assigned the judgment and quitclaimed any interest thereunder to him. The specific prayer was that the court might decree "that said Connell took no interest in said land by reason of said sale upon execution issued on said judgment; that the said sheriff's deeds be set aside and the title to said land be quieted in plaintiff." On the eighteenth of June, 1887, a motion was filed in the cause by W. J. Connell as attorney for Herbert M. Tenney, which read: "And now comes Herbert M. Tenney and hereby represents that he has and at the time of the commencement of this action did have an interest in the property in controversy herein, and he therefore asks to be made a party defendant, and so allowed to file an answer herein and defend his said interest." The record shows on the same day an order in these words: "On motion and for good cause shown, it is ordered that F. H. Lay be, and he hereby is, made a party defendant in this action and is allowed to file an answer herein within twenty days." The answer of defendant Connell was

filed July 7, 1887, setting forth among other things "that prior to commencement of this action a portion of said premises was conveyed by deed to Herbert M. Tenney and F. H. Lay, who now claim to be the owners of the premises so conveyed." On the same day Lay and Tenney, by their attorney, Connell, filed their petition and bond for removal to the Circuit Court of the United States for the District of Nebraska. The petition stated: "Your petitioners, Frederick H. Lay and Herbert M. Tenney, defendants in the above-entitled suit, respectfully show to the court that at this time and at the commencement of this action and for a long time prior thereto the said Frederick H. Lay was and is a citizen of the State of Colorado, and the said Herbert M. Tenney was and is a citizen of the State of Ohio. Your petitioners further show that the said John A. Smiley, plaintiff, is a citizen of the State of Nebraska, and at the time of the commencement of said suit was a citizen of the State of Nebraska, and further say that the amount in dispute in said action exceeds the sum of $2000.00, exclusive of costs, and in fact exceeds the sum of $10,000.00, exclusive of costs, and that each of said parties own and claim separate and distinct portions of said land." Attached was the affidavit of Connell "that he is the attorney for the above-named defendants, Frederick H. Lay and Herbert M. Tenney, and that the facts contained in the foregoing petition are true." The bond was signed by Lay and Tenney by their attorney, Connell. Thereupon, August 8, 1887, an order for removal was entered, which concluded: "And by consent of parties the said cause is removed as to said defendant Connell, as well as to the other defendants." The plaintiff thereupon filed in the Circuit Court his petition for leave to file an amended and supplemental bill, making Tenney and Lay defendants, which leave was granted, and an amended and supplemental bill filed accordingly against Connell, Tenney, and Lay. This bill averred that after the filing of the original bill, "the defendant Connell signed and acknowledged two deeds purporting to convey to each of said defendants Lay and Tenney a portion of your orator's said land, and caused the said deeds to be recorded in

the office of the county clerk of said county. Said deeds bear a date previous to the filing of your orator's said bill;" that thereafter the defendants Tenney and Lay by their attorney, the defendant Connell, applied to said District Court to be admitted as defendants in the suit, and on the 18th of June, 1887, of the May term were, by said court, so admitted. It was further alleged that on July 7, 1887, actions of ejectment had been commenced against plaintiff by Lay, Tenney, and Connell, severally, to obtain possession of portions of the land in dispute.

February 15, 1888, Tenney answered the amended bill of complaint, stating, among other things, that he "admits that said defendant Connell by deed to this defendant and to said defendant Lay conveyed the portions of said land in said bill of complaint described as having been so conveyed; but this defendant denies that said deeds were made after the filing of said bill, but, on the contrary, the defendant charges that said deeds were made, executed, and acknowledged the day on which they bear date." On the same day the answer of Connell to the amended bill was filed, and on February 22 the answer of Lay, containing similar allegations. Replications were filed to these answers, and the cause was subsequently heard and a decree rendered in favor of the complainant with costs, it being stated at the foot of the decree : "To the jurisdiction of the court to render a decree herein the said respondents object, and to which several findings and each thereof and to which said decree the said respondents except and pray an appeal, which is hereby allowed," etc. An appeal was subsequently prosecuted to this court.

*Mr. William J. Connell* in person for himself appellant.

*Mr. William J. Bryan* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

On behalf of appellants briefs are submitted for appellant Connell only, and his contention is that the decree should be

reversed and the cause remanded with a direction to remand it to the state court, because improperly removed to the Circuit Court.

The grounds urged are that Tenney and Lay were intervenors deriving title from Connell, the original defendant; that they were purchasers *pendente lite* because their deeds were not delivered or were not recorded prior to the commencement of the suit; that they therefore were not entitled to remove because Connell was not; that the application was made too late; and that there was no separable controversy as to petitioners capable of removal.

Whether the petition for removal was filed in time it is immaterial to consider, as neither Tenney nor Lay, who petitioned for removal, nor Connell, who consented as a party and participated as their attorney, can now raise the objection. *Ayers* v. *Watson,* 113 U. S. 594; *Martin* v. *Baltimore & Ohio Railroad,* 161 U. S. 673.

By the second section of the act of March 3, 1887, c. 373, as corrected by the act of Aug. 13, 1888, c. 866, it was provided: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district," 25 Stat. 433; and by the fifth section of the act of March 3, 1875, c. 137, "that if, in any suit commenced in a Circuit Court or removed from a state court to a Circuit Court of the United States, it shall appear to the satisfaction of said Circuit Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require,

and shall make such order as to costs as shall be just." 18 Stat. 470, 472.

And since " on every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes, this question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to 'it." *Mansfield, Coldwater &c. Railway* v. *Swan*, 111 U. S. 379, 382.

If plaintiff had brought his suit in the state court against Tenney or Lay alone in respect of the particular parcel of land claimed by either, and, on proper petition, the defendant had removed the case to the Circuit Court, where it had thereupon gone to decree against him, he could not have procured a reversal on the ground of want of jurisdiction of the Circuit Court unless the record had disclosed that Connell was an indispensable party and Equity rule 47 inapplicable, in which case this court might have reversed the decree and directed a dismissal of the suit.

As remarked in *Louisville and Nashville Railroad* v. *Ide*, 114 U. S. 52, 56 : " Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. *Smith* v. *Rines*, 2 Sumner, 348. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings." But where a plaintiff has brought suit against a sole defendant, and others, intervening, claim several interests in the subject-matter, involving separate defences as to such interests, separable controversies might be held to exist as to them, although the developments in the after progress of the case might show they were not such.

Plaintiff brought his suit seeking relief as against Connell

alone. Tenney and Lay intervened, claiming to be owners of distinct portions of the tract, and removed the suit on the ground that the controversy as to each of them was separable, and, according to *Barney* v. *Latham*, 103 U. S. 205; *Brooks* v. *Clark*, 119 U. S. 502, 512, the whole case was removed, the record here adding that the removal as to Connell was "by consent of parties." It is now said there was no separable controversy because the controversy indicated could not be fully determined as between Tenney and Lay, or either of them, and the plaintiff without the presence of Connell. This, however, if so, did not appear at the time of the removal, and whether it did afterwards in such wise that it became the duty of the Circuit Court to remand the cause because not really and substantially involving a dispute or controversy not properly within its jurisdiction, is determinable on other considerations.

Appellants do not deny that the petition for removal was presented in good faith, and, although it left much to be desired in the way of fulness and accuracy, it set up a separable controversy, which might have involved the defence of *bona fide* purchase for value without notice, and apparently could have been fully determined as between them and the plaintiff, even in respect of the proceedings on execution, in the absence of Connell, who cannot be allowed to say that his claim to the remaining portion of the land would have been legally affected by such determination. The question before us is, therefore, whether it appeared on the hearing that no such separable controversy really and substantially existed, and that the Circuit Court erred in not remanding the case. The cause was heard upon the merits. The record does not purport to contain all the evidence, and most of the depositions and the exhibits are omitted in printing by designation of appellant under rule 10. There is evidence tending to show that Connell conveyed some twenty acres to Lay at or about the time of a settlement between them, but the deeds to Lay and to Tenney do not appear. Whether as matter of fact Tenney and Lay were purchasers *pendente lite*, or the controversy as to them was not separable, is not so disclosed as to compel the

reversal of the decree at the instance of appellants, and in spite of the position they occupied to the contrary. It is suggested that the principles in relation to separable controversies were not so well understood in 1887 as at this date, and except for that appellants would not have attempted to remove the cause; but the petition, though imperfect, was sufficient to accomplish the result of forcing appellee into the Circuit Court, and we find ourselves at liberty to decline to deprive him of his decree on the ground that the cause was not rightfully transferred. *Decree affirmed.*