WIRGMAN et al. v. PERSONS et al.

(Circuit Court of Appeals, Fourth Circuit. November 5, 1903.)

No. 473.

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—NOMINAL PARTIES.

Where the only relief prayed for by complainants in a suit in equity was the cancellation of certain deeds through which a defendant claimed title to lands, or that he be decreed to hold the title in trust for complainants, the sole controversy was between complainants and such defendant, and, where there was the requisite diversity of citizenship between them, a removal of the cause was not prevented by the joinder of other nominal defendants, who, as shown by the pleadings, had no interest in the lands.

2. SAME—MOTION TO REMAND—REVIEW ON APPEAL.

The action of the trial court in overruling a motion to remand made by the removing defendant will not be reviewed by the appellate court on the ground that the evidence showed that another defendant, who was a citizen of the same state as complainants, was an indispensable party to the controversy, where the evidence is not in the record, and the bill and petition for removal showed the cause to be removable.

3. CIRCUIT COURT OF APPEALS—JURISDICTION—JURISDICTIONAL QUESTIONS.

Where a party, defeated in the Circuit Court, elects to appeal the whole case to the Circuit Court of Appeals, and does so, assigning errors relating to the jurisdiction of the Circuit Court, and also on the merits, the Circuit Court of Appeals has jurisdiction, and may certify the jurisdictional question involved, or decide it, although the other assignments of error are abandoned.

Appeal from the Circuit Court of the United States for the Eastern District of North Carolina, at Raleigh, in Equity.

For opinion below, see 116 Fed. 877.

F. H. Busbee and E. F. Aydlett, for appellants.

Norris Morey and James E. Shepherd, for appellees.

Before SIMONTON, Circuit Judge, and MORRIS and KELLER, District Judges.

MORRIS, District Judge. The sole question now before this court is whether the case was rightly removed from the state court, and whether, under the petition for removal, the failure to aver the citizenship of F. F. Brown, one of the defendants, resulted in a want of jurisdiction in the United States Circuit Court. As the result of a motion made in this court by the appellants, the transcript of the record was sent up without the testimony, and of the assignments of error only those relating to the jurisdiction of the Circuit Court have been argued before us. This was a complaint originally filed in the superior court for Tyrrell county, N. C., and afterwards removed by the defendant Wirgman into the Circuit Court of the United States for the Eastern District of North Carolina. The complainants were H. H. Persons and J. R. Hazel, receivers of the Bank of Commerce in Buffalo, N. Y., and the defendants named in the complaint were C. G. Beling, F. F. Brown, F. M. Wirgman, and Andrew Brown. No one of the four

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 70.

defendants was found by the sheriff of Tyrell county, and notice was given to them by publication under the statute of North Carolina.

The complainants alleged in their complaint that by the Supreme Court of New York they had been appointed and were receivers of the Bank of Commerce in Buffalo, and that all its property and assets were vested in them; that to secure to said bank $50,000 due to it for the purchase money of 39,463 acres of land in Tyrrell county, N. C., the defendant F. F. Brown had conveyed the land by mortgage deed of trust to a certain Martin Clark; that the defendant Andrew Brown was the agent and manager, and substantially the owner, of the land subject to the said mortgage, and that it was the duty of the said F. F. Brown and Andrew Brown, being in possession and control of the land, to pay the taxes thereon, or to give notice to the bank or the complainants of the nonpayment; that although the said defendants had full notice that the taxes for 1896, amounting to $74.11, were due and unpaid, they wrongfully withheld notice of said nonpayment, and conspired together to prevent payment and procure the lands to be sold for taxes, and furnished the money bid at the sale, and had the tax deed made to the defendant Beling, an office employé of Andrew Brown, and procured Beling to convey the lands to the defendant Wirgman, to hold for said Andrew Brown; that neither Beling nor Wirgman were bona fide purchasers, but were instruments and agents of Andrew Brown and F. F. Brown in carrying out their fraudulent purposes; that neither the Bank of Commerce nor the complainants had any knowledge of the tax sale until more than a year had elapsed, and their right to redeem was gone. The prayer for relief asked to have the deed to Beling and Wirgman declared void, or that Wirgman be declared a trustee of the legal title for the use of complainants, and that he be required to reconvey to them, and for other relief.

In response to the notice by publication the defendant Wirgman alone appeared, and he filed a petition for the removal of the case from the superior court of Tyrrell county into the Circuit Court of the United States for the Eastern District of North Carolina. Wirgman's petition for removal stated under oath that he was the owner and held the land mentioned in the complaint; that he was at the commencement of the suit, and still was, a citizen of and resident of the state of Pennsylvania; that he acquired the property mentioned in the complaint for full value from Beling, and that he was interested in the controversy, and no other of the defendants had any interest, right, or title in the property in controversy; that they had not been served with summons, and were not necessary parties to the suit; that in the said action there was a controversy entirely between the plaintiffs and the petitioner, Wirgman, which could be fully determined between them; that the matter in controversy exceeded, exclusive of interest and costs, the sum of $2,000; that the plaintiffs were citizens of the state of New York, and the petitioner a citizen of the state of Pennsylvania, so that the plaintiffs and the petitioner were citizens of different states; that neither Beling nor Andrew Brown were citizens of the United States. The petitioner tendered proper bond under the removal statute. Upon this petition of Wirg-

man's the judge of the superior court, against the exception of the plaintiffs, ordered the case removed. A copy of the record having been filed in the United States Circuit Court, the defendant Wirgman filed his answer, denying the, allegations of the bill, setting up his title by the conveyance from Beling, whom Wirgman averred had acquired title and possession under his tax deed. Subsequently the defendant Beling and the defendant F. F. Brown appeared in the United States Circuit Court and filed answers. The answer of F. F. Brown disclaimed ever having had any interest in the lands. He asserts that the title to the land was placed in him at the request of the bank as a matter of convenience, and he made the mortgage for $50,000 for the same reason, and not for any actual purchase money or any indebtedness, but simply for the convenience of the bank; that he never paid any taxes for the land, and owed no duty to the bank in that regard, and did not know that the lands were advertised or sold and did not learn of the sale until the latter part of 1898, and denied that Beling or Wirgman were agents or instruments of his for any fraudulent purpose. The defendant Beling also answered, denying the allegations of the complaint, and averring that his dealings had been bona fide, and for full value. Martin Clark, to whom the mort-ı gage deed of trust was made, filed a disclaimer of any interest, having previously assigned the mortgage to the bank, and consented to a decree adjudging that he had no interest, and for a foreclosure of the mortgage. Testimony was taken, but by agreement of counsel it has been omitted from the record, and is not before this court. After the filing of the testimony the defendant Wirgman, by his attorneys, made a motion to dismiss the action or to remand it to the superior court of Tyrrell county. Wirgman suggested to the court that by the pleadings and by the depositions taken in the cause it was made apparent that F. F. Brown was a necessary party, and was a citizen of New York, the same state of which the complainants were citizens at the institution of the action; and also moved to dismiss the suit because Martin Clark was a necessary party, and had not been made a party. The court refused to grant the motion to remand or dismiss, and proceeded to decree upon the merits.

As to the motion to dismiss because Martin Clark had not been made a party, it is sufficient to say that he was not a necessary party to the original bill asking to have the tax deed and the deed to Wirgman annulled, and before, under the prayer for other relief, the court proceeded to decree a foreclosure of the mortgage, he filed a disclaimer of interest, and consented to the decree. To determine whether the removal was proper we examine the petition for removal filed by Wirgman, who, when it was filed, was the only defendant who had then appeared. Wirgman, in his sworn petition for removal, stated that Andrew Brown had no title whatever to the lands, and that the complainant did not allege that he had any, and that he could not be affected in any way whether the cloud was removed from the lands owned and held by the petitioner, Wirgman, or not; that the petitioner, Wirgman, alone owned the lands by the conveyance for full value set out in the complaint from Beling to the petitioner; that

neither Beling, F. F. Brown, nor Andrew Brown owned any right, title, or interest in the same, and were not necessary parties to this action to remove a cloud upon the complainants' title. He further stated that he was informed and believed that F. F. Brown had executed a mortgage to the Bank of Commerce, which was still unsatisfied; that after the execution of the mortgage the Bank of Commerce and F. F. Brown for years had failed to pay the taxes on the lands, and the same were sold for taxes, and bought by Beling, from whom the petitioner, for full value, purchased the same; and that Beling had, after he executed the deed, no right, title, or interest in the lands, and would in no way be affected by the cancellation of the deed from Beling to the petitioner; that the sole controversy was between the plaintiffs and the petitioner; that the other persons made defendants had no interest in the controversy, and had not been served with summons. Wirgman's answer, filed several months later, when the case had been removed on his petition, averred the same facts; and the sworn answer of F. F. Brown and Beling, filed later, averred the same facts, and disclaimed any interest, and prayed judgment that they go without day and recover their costs.

After the testimony had been taken, and more than two years after the removal, which had been spent in taking testimony and bringing the case to a hearing, and when the case was about to be submitted for a decree upon the merits, Wirgman moved to remand. The same petitioner (Wirgman) who had obtained the removal, more than two years afterwards, by an unsworn motion made by his counsel, suggested to the court that by the pleadings and the depositions in the case it had been made to appear that F. F. Brown was a necessary party; that he was a citizen of New York, and was so at the institution of the suit. What those depositions contained we cannot know, as, by consent of parties, they have been omitted from the record. So far as appears by the record, nothing had changed except that the party who voluntarily invoked the jurisdiction of the court sought to escape it just at the time when the case was ripe for a decree. The sole question is whether or not, upon the petition for removal, it was shown that the suit was a controversy wholly between Wirgman and the complainants, which could be fully determined as between them, and complete relief afforded. The complainants, in their complaint, gave a history of the transaction by which, as alleged, Wirgman had wrongfully obtained a deed for the lands. The prayer for relief was as follows:

"Wherefore these plaintiffs pray that the deeds to Beling and Wirgman may be declared null and void, or that the said Wirgman be declared trustee of the legal title to the said lands for the use and benefit of these plaintiffs, and that he be required to convey the same to them, and that the decree in the case shall have the effect to convey the legal title to them, and for such other relief as may appear to the court just and proper."

It appears, therefore, that the relief prayed was against Wirgman. This is what the plaintiffs, by their complaint, declared was the object of the suit, viz., to annul the deed by which Wirgman claimed title, or to declare him a trustee for the complainants, and that he be required to convey to them. Whether or not one is an indispensable

party depends in a large measure upon the relief sought. 18 Ency. of Pleading & Practice, 621. It is not necessary to make any one a party against whom the complainant does not ask any relief. The complainants could have had all the relief they prayed for had they brought their suit against Wirgman alone, as it was to deprive him of the title he claimed under the deed to him that the action was instituted.

The complaint and all the other pleadings in the state court, prior to the petition for removal, were silent as to the citizenship of the parties. In the petition for removal the averments showed the citizenship of all the defendants to be different from that of the plaintiffs, except as to F. F. Brown, whose citizenship is not anywhere stated. The case has been argued principally upon the theory that the removal can only be sustained upon the ground of a separable controversy under the second section of the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509]. The contention of the appellees is that as Wirgman was, by the complaint, conceded to hold title by a deed to him, and in his petition for removal he claimed he had obtained his deed for full value without notice, his was a separable controversy, which could be fully determined as between him and the plaintiffs without the other defendants. Connell v. Smiley, 156 U. S. 335–341, 15 Sup. Ct. 353, 39 L. Ed. 443. But we are disposed to think that there was only one controversy, and that was between the plaintiffs, citizens of New York, and Wirgman, a citizen of Pennsylvania; and we think if Wirgman, because of the relief sought by the complaint, was the only necessary defendant, and the other defendants were only formal or nominal parties, his petition for removal can be sustained as giving jurisdiction.

In Mitchell v. Smale, 140 U. S. 406–409, 11 Sup. Ct. 819, 35 L. Ed. 442, the Supreme Court intimated that a sole necessary defendant might remove when the diverse citizenship existed between him and the plaintiff. That was an ejectment suit, and the court said of the removing defendant:

"As he alone, according to his statement, had the title, and as Smale was merely his tenant, if this relation was admitted by Smale (as it was), there would seem to be no reason why the contest respecting the title might not have been carried on between him and the plaintiff alone so far as Smale was concerned."

In Wilson v. Oswego Township, 151 U. S. 56–63, 14 Sup. Ct. 259, 38 L. Ed. 70, the prior decisions are cited and discussed, and the court decided against the removal solely upon the ground that the other parties joined as defendants with the removing defendant were indispensable parties. The court cited Bacon v. Rives, 106 U. S. 99–104, 27 L. Ed. 69, in which the court said:

"J. Henry Rives, a citizen of Virginia, having been made a defendant in his capacity as one of the executors of George Rives, it is contended that the suit was not removable into the Circuit Court of the United States. This position cannot be successfully maintained. * * * It is sufficient to say that he * * * had no interest in the question * * * on the matters set out in the pleading. Though made formally defendants, they occupied substantially the position of mere garnishees. Their citizenship was, conse-

quently, immaterial. The necessary parties on the respective sides of the controversy which is the foundation of the litigation being citizens of different states, the relation of the executors to the suit was properly regarded as merely incidental."

Nothing in the record before us weakens in any way the statements in Wirgman's sworn petition for removal. On the contrary, those statements are confirmed by the answers which other defendants filed long afterwards disclaiming any interest in the lands. It is true that the Circuit Court, upon the testimony and under the prayer for other relief, saw fit to pass a broader decree than the complainants specifically asked, but the sole matter to be considered on this appeal is the question of jurisdiction. The removal petition fully set out facts showing the controversy to be, as the complainants had themselves by the relief prayed declared it to be, a controversy between Wirgman and the complainants. Whether it afterwards appeared from testimony that it did not really and substantially involve a controversy properly within the jurisdiction of the court we cannot pass upon, as the testimony has been omitted from the record. Connell v. Smiley, 156 U. S. 335–341, 15 Sup. Ct. 353, 39 L. Ed. 443. As was said by the Supreme Court in the case last above cited, so we in the present case hold that, in the absence of the .evidence, we do not feel compelled to deprive the complainants of the decree obtained by them after a long contest in the Circuit Court, into which court they were forced unwillingly by the very defendant against whom the complainants finally obtained the relief sought.

Decree affirmed.

## On Petition for Rehearing.

### (Dec. 21, 1903.)

PER CURIAM. An opinion in this case having been filed affirming the judgment below, the appellants now bring before us a petition for rehearing, based upon the ground of want of jurisdiction in this court to hear the appeal.

F. M. Wirgman, the appellant, was a defendant in the superior court of North Carolina to a suit brought by Persons and another, receivers, appellees in this case. Upon the motion of Wirgman, and his petition and bond, the case was removed into the Circuit Court of the United States for the Eastern District of North Carolina. Other parties, defendants to the suit, who had not been served with process in the state court, came into the federal court and submitted themselves to its jurisdiction. The cause, being at issue in that court, was referred to a master, testimony was taken and reported to the court, and the cause was heard upon the full hearing. The defendant Wirgman, after the testimony was taken, entered a motion to remand the cause, which was refused. Considering the whole case, the Circuit Court of the United States entered a decree in favor of Persons and another, receivers. Thereupon the defendants filed their petition praying an appeal to this court from the decree, accompanying it with assignments of error, the majority of which related to the jurisdiction of the court, but one, at least, the seventh assignment of error, going to the merits of the case in these words:

"In adjudging that the plaintiffs should recover a judgment for $50,000 upon a note in a court of equity."

The petition for appeal having been allowed, and the appeal perfected, the case came into this court and was fully argued. Before the argument was entered into the appellants stipulated, as a condition for the nonappearance of the testimony in the record, that they would confine their argument to the jurisdiction of the court below. Nothing was said in their briefs here, nor in the oral argument before the court, challenging in any way the jurisdiction of this court to hear their appeal. On the contrary, the judgment and decision of this court was earnestly invoked by both sides. It thus appears that the whole case came into this court, and that it had taken jurisdiction of the whole case. That being so, it is not competent for counsel by their voluntary action to attempt to limit the jurisdiction of the court. When the case was decided in the court below, the appellant had his option to take the case to the Supreme Court of the United States on the question of jurisdiction alone, or he could have done as he has done —take the whole case to this court. U. S. v. Jahn, 155 U. S. 110, 15 Sup. Ct. 39, 39 L. Ed. 87; McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893; Robinson v. Caldwell, 165 U. S. 359, 17 Sup. Ct. 343, 41 L. Ed. 745.

The language of Fuller, Chief Justice, in American, &c., Co. v. New Orleans, 181 U. S. 282, 21 Sup. Ct. 646, 45 L. Ed. 859, seems to us conclusive of this case. The Chief Justice, commenting on Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861, and quoting language respecting the class of questions, or cases, to be carried to the Supreme Court, goes on and says:

"Undoubtedly, where the jurisdiction of the Circuit Court depends solely on diverse citizenship, and it turns out that the case involves the construction or application of the Constitution of the United States, or the constitutionality of a law of the United States or the validity or construction of a treaty is drawn in question, or the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States, the Circuit Court of Appeals may certify the constitutional or treaty question up, and proceed as thereupon advised, or may decide the whole case; but language should not have been used susceptible of the meaning that, in cases where the jurisdiction below is invoked on the ground of diverse citizenship, the Circuit Court of Appeals might decline to take jurisdiction, or, in other words, might dismiss the appeal or writ of error for want of jurisdiction. The mere fact that in such a case one or more of the constitutional questions have so arisen that a direct resort to this court might be had does not deprive the Circuit Court of Appeals of jurisdiction, or justify it in declining to exercise it."

In Reliable, etc., Co. v. Stahl, 105 Fed. 663, 44 C. C. A. 657, a case carried to the Circuit Court of Appeals on bill of exceptions, one of which went to the jurisdiction of the court below and others to the merits, when the case got up into the Circuit Court of Appeals, it was found that for lack of a proper appeal, or for noncompliance with the rules, the exceptions to the merits could not be heard. It was held that this did not deprive the Circuit Court of Appeals of jurisdiction to hear the case.

Our conclusion is that, the appellants having elected to appeal the whole case to this court and the whole case having come into this court

for adjudication, we had ·the choice either to certify the question of jurisdiction to the Supreme Court, or ourselves to decide the question. "Of course, the power to certify assumes the power to decide." U. S. v. Jahn, supra.

The petition for rehearing is denied.