CARTIER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

No. 1,324.

1. COURTS—CIRCUIT COURT OF APPEALS—JURISDICTION.
　　Where a District Court for the District of Alaska, on dismissal of an appeal from a conviction in a justice court which has been superseded by the giving of an appeal bond, enters judgment "as it was given in the court below," as required by Code Cr. Proc. Alaska, § 450, the whole case may be taken for review by writ of error to the Circuit Court of Ap-

peals, even though the motion to dismiss was based on want of jurisdiction.

[Ed. Note.—Jurisdiction of Circuit Court of Appeals, see note to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. SAME—TERRITORIAL COURTS—ALASKA—APPEAL FROM COMMISSIONER—TRIAL OF CASE ANEW.

Proceedings taken by a defendant convicted of a criminal offense before a commissioner in Alaska, as ex officio justice of the peace, for perfecting an appeal, *held* sufficient and to require the District Court to try the cause anew, under Code Cr. Proc. Alaska, §§ 445-449.

3. ADULTERY—SUFFICIENCY OF COMPLAINT—ALASKA STATUTE.

Under the Alaska Criminal Code (Act March 3, 1899, c. 429, § 119, 30 Stat. 1271), which defines the crime of adultery as voluntary sexual intercourse by a married person with a person other than the offender's husband or wife, a complaint charging the offense must aver that the accused was married at the date of its alleged commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adultery, § 15.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

William A. Gilmore and James E. Fenton (W. E. Crews, of counsel), for plaintiff in error.

Henry M. Hoyt, U. S. Dist. Atty., for District of Alaska, Second Division (Edward E. Cushman, Special Assistant to Atty. Gen., of counsel), for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. The plaintiff in error was convicted by a jury in the court of a commissioner and ex officio justice of the peace, in the district of Alaska, for a misdemeanor, and judgment was thereupon given in said court that he be imprisoned for three months in the federal jail at Council City, Alaska, and that he pay the costs of the action taxed at $410, and further imprisoned until such costs be paid, not exceeding 200 days. On the same day the plaintiff in error duly served and filed in the commissioner's court a notice of appeal from such judgment to the United States District Court for the District of Alaska, Second Division, at Nome, and also filed his undertaking on appeal. The notice of appeal was entitled in the proper court and correctly stated the title of the action, and was addressed to the commissioner and the attorney for the prosecution, and, omitting the formal part, is in the following words:

"You will please take notice that the defendant in the above-entitled action hereby appeals to the United States District Court in and for the District of Alaska, Second Division, at Nome, Alaska, from the judgment herein made and entered in the said U. S. Commissioner's Court on the 24th day of June, 1905, in which the said defendant was adjudged guilty of the crime of adultery, and from the whole thereof. Yours, etc., S. A. Keller, G. A. Adams, Attorneys for Defendant and Appellant. Dated June 24th, 1905."

When the case reached the District Court, the United States Attorney moved to dismiss the appeal, stating as the ground of said motion that the notice of appeal failed to specify with sufficient identity the

judgment appealed from, and upon the further ground "that said notice of appeal fails to state in whose favor said judgment was rendered or what judgment was rendered." The motion to dismiss was granted, and thereupon the court, in accordance with section 450 of the Code of Criminal Procedure for Alaska, which is a part of "An act to define and punish crimes in the district of Alaska and to provide a code of criminal procedure for said district" (Act March 3, 1899, c. 429, 30 Stat. 1253), rendered its judgment affirming the judgment of the commissioner. The case is brought here by the defendant on a writ of error. The attorneys representing the United States moved in this court to dismiss the writ of error upon the following grounds:

"(1) That the only question involved herein, or assigned as error upon the part of the court below, involves the jurisdiction of the court below, and that the Supreme Court of the United States is the only court having jurisdiction to consider such a question.

"(2) That the judgment of the lower court having been rendered without a jury trial, or the impaneling or intervention of a jury, this court could only acquire jurisdiction to review that decision by appeal and in no event by writ of error.

"(3) That the statutory provision for a review by the District Court of Alaska of the decision of the United States commissioner in a trial for misdemeanor is a special proceeding, and not according to the course of common law, and that therefore, where the District Court dismisses an appeal from the United States commissioner without a trial, there is no jurisdiction in this court to review such decision by writ of error."

1. We do not deem it necessary to discuss either of the grounds upon which the motion to dismiss the writ of error is based, except the first, namely, that the only error assigned upon the writ relates to the jurisdiction of the District Court to entertain the appeal which it dismissed, and that the Supreme Court is the only court having jurisdiction to review the action of the District Court in that matter.

Section 5 of the Act of March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 547], establishing the Circuit Courts of Appeals, provides that appeals or writs of error may be taken from a District or Circuit Court:

"(1) In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone should be certified to the Supreme Court from the court below for decision."

This law is by statute made applicable to appeals or writs of error from judgments of the District Court for the District of Alaska. 30 Stat. 1307.

If it should be conceded that the motion made in the District Court to dismiss the appeal from the judgment of the commissioner's court in the case of the United States against the plaintiff in error was one which necessarily involved the question of the jurisdiction of the District Court to hear and determine that appeal, it would not follow that the writ of error should be dismissed, because by that writ the final judgment of the District Court affirming the judgment of the commissioner, as ex officio justice of the peace, has been brought before this court for review, and this requires not only a consideration of the question of the jurisdiction of the District Court, but of the whole case

upon the merits, as shown by the record. The motion to dismiss the writ of error must therefore be denied, upon the authority of McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893; Crabtree v. Madden, 54 Fed. 426, 4 C. C. A. 408; Wirgman et al. v. Persons, 126 Fed. 449, 62 C. C. A. 63.

Speaking of the right of a defeated party, upon the entry of a judgment against him in the lower courts to have such judgment reviewed, the Supreme Court, in McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893, said:

"When that judgment is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the Supreme Court upon the question of jurisdiction alone, or to the Circuit Court of Appeals upon the whole case. If the latter, then the Circuit Court of Appeals may, if it deem proper, certify the question to this court."

But, in addition to this view, it may be said that, under sections 445, 446, 447, and 449 of the Code of Criminal Procedure for Alaska, the effect of an appeal by a defendant in a criminal action from judgment of conviction given in a justice's court, when the defendant gives an undertaking of bail on appeal as provided in that act, is to vacate the judgment appealed from, and the action must be tried anew in the District Court. If, however, the appeal is dismissed, section 450 of the same Code, provides that:

"The appellate court must give judgment as it was given in the court below, and against the appellant for the cost of disbursement for the cost of appeal."

The District Court proceeded under the authority conferred by this section and gave the judgment now under review. The jurisdiction of the court to render such judgment was not challenged at the time by either the United States or the plaintiff in error, nor is there any claim made in this court that the judgment so rendered by the District Court was beyond its jurisdiction.

This being so, it is clear to us that the jurisdiction of the District Court is not in issue within the meaning of section 5 of the Act of March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 488], establishing the Circuit Court of Appeals. The motion to dismiss the writ of error must therefore be denied.

2. The judgment cannot be sustained for two reasons: First, because the plaintiff in error duly perfected his appeal to the District Court from the judgment rendered against him in the commissioner's court; and, having done so, the District Court erred in dismissing that appeal, and giving judgment against him without a trial such as is contemplated by section 449 of the Code of Criminal Procedure for Alaska. Second, the complaint upon which the defendant was convicted does not sufficiently charge him with the offense of adultery under section 119 of the act "to define and punish crimes in the district of Alaska and to provide a Code of Criminal Procedure for said district." 30 Stat. 1271. That section declares that, "Whoever being married shall voluntarily have sexual intercourse with a person other than the offender's husband or wife is guilty of adultery." Only a married person can commit the offense defined in this section, and, in charging a defend-

ant with the crime of adultery as thus defined, it is necessary for the complaint· to allege that the person charged was married at the date of the alleged commission of the offense. The complaint upon which the defendant was convicted fails to state this essential fact.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.