Cited *in Hopper* v. *Hopper*, 1 *Zab.* 546–551 ; *Keeler* v. *Tatnel*, 3 *Zab.* 62 ; *McLaughlin* v. *McLaughlin*, 5 *C. E. Gr.* 194 ; *McLaughlin* v. *McLaughlin*, 7 *C. E. Gr.* 511.

### BELL ADSM. KELLY AND KELLY.

In Case. On counter motions to open judgment, and to amerce Sheriff.

Judgment opened after the lapse of a year, on affidavit of defendant, that he *believes* the indorsement of his name on the note, upon which judgment

was entered, to be a forgery; that his information inducing such belief, was obtained since the last term of this court; and that he has been refused an inspection of said indorsement, by plaintiff's attorney.

A motion to open a judgment, may (if founded on merits,) be made at any time while the cause is within the power and under the control of the court; provided the party embraces the first opportunity he had of presenting his case; and provided the plaintiff's rights are not thereby endangered.

This action is against Robert P. Bell, as indorser of a promissory note for $748.49, purporting to be made by George W. Tyson, & Co., payable to his order.

The action was commenced by *capias* returnable on a day late in the term of May, 1838. The defendant residing at a great distance from this place, (Trenton,) and also at a considerable distance from the residence of his attorney; special bail was not put in, on the return day of the writ, or on the day after. The plaintiff thereupon ruled the Sheriff to bring in the body, or be amerced, &c. Before the rising of the court, however, special bail was filed, and on motion on behalf of the defendant, the court granted an order staying proceedings on the rule to bring in the body, until the next term, and giving the Sheriff forty days to perfect bail &c.

The plaintiff not being satisfied with the bail, refused to proceed in the cause; and in the vacation, (on the 21st day of Aug., 1838,) served on the defendant's attorney, a notice that application would be made on the first day of the ensuing term, to discharge the order staying proceedings &c., as improvidently made.

At the September term, 1838, an arrangement was made between the attorneys, that the plaintiff should have twenty days thereafter to file declaration; and that he might take final judgment in the action, at the next term, upon which, no writ of error should be brought by the defendant.

According to that arrangement, judgment was entered by default in November term, 1838, and an execution issued thereupon, to the term of February, 1839.

The money not being raised or paid on the execution at Feb term, the plaintiff's attorney gave notice to the Sheriff, that he should move for an amercement against him, at the May term following. On the 14th May, 1839. Mr. Haines as attorney for

the Sheriff, signed an agreement with the plaintiff's attorney, admitting the amount due on the execution, and consenting that judgment might be thereon entered against the sheriff, either at that term or the term after, without further notice.

For some reason or other, the plaintiff's attorney did not enter up an amercement against the Sheriff, at the May term, and on the 2d day of September last, being the first day of the term, and before the plaintiff's attorney had an opportunity of moving for judgment against the Sheriff, the defendant served him with notice that he should move the court on the Thursday following, upon an affidavit, the substance of which will be hereafter stated, to open the judgment in this cause, and permit the defendant to plead &c.

The two motions came on together, and were argued by

Messrs. *Haines and Williamson,* for the defendant.

Messrs. *Vanarsdale and Frelinghuysen,* for the plaintiffs.

HORNBLOWER, C. J., delivered the unanimous opinion of the Court.

It is objected that the motion of the defendant comes too late. That he effected, or at least occasioned delay, by not putting in bail in season, and ought not now to be entertained in an application of this sort. I do not see that there was any want of good faith on the part of the defendant. The delay of filing bail was sufficiently explained on the argument, by the defendant's counsel, and was owing to the late period in term, when the writ was served and the distance of the defendant's residence from court and from his attorney. If plaintiff had been satisfied with the bail, they might for all that appears, have had their judgment in September term, 1838. The delay however was not an unusual one. Judgment was yielded to them in November term, 1838; sooner probably, than could have been done if the defendant had not, for want of bail being filed in due season, have fallen somewhat into the power of the plaintiff.

It would, however, be too late if this application was founded merely on an irregularity, (11 *Petersd. tit. Judg. p.* 660, margin and seq.; *Jones* v. *Dunning,* 2 *Johns. Cases,* 74; see also *Hind.* v.

Bell adsm. Kelly and Kelly.

*Tubb.* 10 *Johns. Rep.* 486,) and especially so, after an agreement on the part of the defendant not to bring error. But the defendant comes before the court upon a ground, which if sufficiently made out, goes to the plaintiff's right of action, and entitles the defendant to the favorable ear of the court. There is no rule that I know of which forbids us to listen to an application of this sort, founded on merits, unless it is made the same term, or the term after that in which the judgment was entered. On the contrary, such motion may be made, and will be entertained at any time while the cause is within the power and under the control of the court, provided the party has not slept on his rights, but has embraced the first opportunity he had of presenting his case ; and it ought perhaps to be added, provided also, the court can hear the defendant without endangering the rights of the plaintiff as against him.

Upon this subject a much more liberal policy, has of late years, been pursued, by the court : and a policy, in my opinion, much more congenial to the advancement of justice, than that which formerly prevailed. In *Delafield* v. *Tanner,* 5 *Taunt.* 856, a regular judgment was set aside, and the defendant let in to plead infancy. In *Evans* v. *Gill,* 1 *Bos. and Pull.* 52, a regular judgment was set aside, on an affidavit of merits, and the defendant permitted to plead bankruptcy. And in *Maddoks* v. *Holmes,* 1 *Bos. and Pull.* 22?, the defendant was let in to plead the statute of limitations.

Formerly, too, the court would not set aside a regular judgment even upon an affidavit of merits, if the plaintiff had lost a trial. 11 *Pertersd. tit. Judg. p.* 661, in marg. &c. But that rule is no longer adhered to ; nevertheless the court will take care to impose proper terms ; and if necessary for the plaintiff's security, will order the money to be brought into court. 2 *Archb. pr.* 11, and cases there cited.

But Secondly, It is objected that the affidavit is not sufficiently certain. The affidavit in substance states, that prior to the commencement of this suit, the defendant had on several occasions indorsed notes for the firm of Geo. W. Tyson & Co. and therefore when sued in this action, he supposed it was upon one of those notes ; but that on or about the 17th of May last, he for the first time discovered that one of the firm of Geo. W. Tyson

& Co., had forged his name as indorser on several promissory notes for the payment of large sums of money—that he now has no knowledge or recollection of indorsing the note in question, or of authorizing any person to indorse it for him ; but on the contrary that he verily believes the said indorsement to be *false, forged,* and *counterfeited.* It is true the defendant does not swear positively, as counsel insist he ought to have done, that his name indorsed on the note in question, *is a forgery:* but I think he sufficiently excuses himself in his affidavit, for not doing so. As soon as his suspicions were awakened, he called on the plaintiff's attorney, and requested permission to see the note. The attorney refused to let him see it, and of course the defendant could not swear to the falsity of the identical note in question ; he could only swear, as he has done; viz: that he verily believes, that it is false, forged and counterfeit.

This is not the case of a defendant against whom a cause of action once existed, and who is now seeking to be indulged in setting up an equitable, or even a strictly legal, though a hard defence, of which by due attention to his business, he might have availed himself at an earlier stage of the cause, but it is the case of a man, against whom, if the indorsement is a forgery, the plaintiff never had any cause of action at all.

It is not long since, in a case, the name of which I do not now recollect, we set aside a judgment and execution, on the ground that the defendant supposed himself sued on a note which he knew was standing out against him ; and never discovered until after judgment and execution, that the suit was on a note upon which a former judgment had been obtained against him, and which he had paid off and satisfied.

There is something in my mind that reluctates against the idea of enforcing a judgment against a man, when he asserts, and gives us reason to believe, not that under all circumstances he ought to be excused ; but, that there never was any foundation in law or justice, for the claim against him, merely, because he was not so diligent or so fortunate as to find out his true condition, before the forms of law had fastened the claims upon him. What would be thought of sending a man to the gallows, when he assured us that since his conviction, he had discovered and was ready to prove, that the supposed victim of his malice, was in full

life; simply, on the ground, that' he had neglected his defence, and in the exercise of ordinary diligence might have proved it on his trial. Humanity indeed, would be more outraged in such a case; but in principle it would be the same, as to enforce this judgment against the defendant, if in point of fact he never made the contract on which he has been sued.

In my opinion, the defendant ought to be permitted to set up this defence; but on terms that shall be perfectly fair and safe to the plaintiffs. Judgment of amercement must be entered up against the sheriff, to stand as security: the costs of that and of the original judgment must be paid, and the defendant must plead instanter and take notice of trial at the next circuit.

*Judgment opened on payment of costs; the Sheriff to be amerced, for security of plaintiffs.*