PUBLIC SERVICE RAILWAY COMPANY, APPELLANT, v. CITY OF CAMDEN, RESPONDENT.

Submitted July 5, 1920—Decided November 15. 1920.

1. When the charter of a city requires a municipal proceeding to be instituted by ordinance, it cannot be effected by resolution merely.
2. When a statutory tribunal, in this case a city council, acts without jurisdiction, a *certiorari* properly lies to attack and review such illegal action, although nothing has been done thereunder.
3. The writ of *certiorari* was not prematurely issued to review a resolution passed by the city council of the city of Camden, which authorizes and directs the mayor to remove frame buildings erected on private property. on the ground that they had been illegally and improperly constructed.

On appeal from the Supreme Court.

For the appellant, *Frank Bergen.*

For the respondent, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

BLACK, J.    The meritorious question involved in the appeal of this case is a review of the power or jurisdiction of the city council of the city of Camden to adopt the resolution dated September 25th, 1919. The basis of the resolution was a notice served by the mayor, upon the defendant, on the 23d of September, 1919, returnable on the 25th before the city council. The resolution provides that the building inspector of the city notify the defendant company to appear before him and show cause why two permits, B 81 and B 82, issued by him August 29th, 1919, for the erection of two frame buildings on private property, should not be revoked or proper plans presented to and approved by the proper city authorities, and if this be not done, and if said permits be revoked, then the mayor is to give notice to the owner forthwith to remove said buildings, and if the same be not done pursuant to such notice, then the mayor is authorized and directed to remove the same at the expense of the owner; the same being by the resolution declared to be illegally and improperly constructed. A writ of *certiorari* was issued out of the Supreme Court to test the legality of the resolution. That court dismissed the writ on the ground that the granting of the writ was premature. We cannot accept this view. We think it does not rest upon a sound legal reason. The city of Camden is acting under a charter found in *Pamph. L.* 1871, *p.* 210. We can find no authority in the charter and none has been pointed out to us authorizing the mayor to give the notice, on which the proceedings brought up for review were based, nor is there any authority in the city council to hold a hearing upon such notice, or pass the resolution, or to declare the buildings illegally and improperly constructed, or

to direct and authorize the mayor to remove the same at the expense of the owner. The powers of the city council are contained in the charter. It has no power or authority to act except by ordinance to regulate and control the manner of building dwelling houses and other buildings. *Id., p.* 228, ¶ 31. The charter so provides. It is well settled that when the law requires a municipal proceeding to be instituted by an ordinance, it cannot be effected by resolution merely. *Mayor, &c., of the City of Paterson* v. *Barnet,* 46 *N. J. L.* 62, 66; *Story* v. *City of Bayonne,* 35 *Id.* 335; 28 *Cyc.* 323, 349.

The building code, which is a general ordinance of the city, expresses the will of the city in pursuance of the grant of power under the charter, in relation to the subject matter. It states the duties of the building inspector, provides for the issuance of permits by him. He may revoke permits under certain prescribed conditions. There is no provision that the city council may, by resolution, give him directions. It also prescribes a penalty of $50 for any violation thereof, to be proceeded against the violator, before the recorder of the city. Nowhere is there any authority in the charter, authorizing the city, the building inspector, or any other officer, mayor or other body to enter upon private property and destroy a structure claimed to be erected contrary to the building code. The council was entirely without jurisdiction to pass the resolution. It is elementary that a statutory tribunal acting without jurisdiction; a *certiorari,* under our jurisprudence, properly lies to attack and review such illegal action. *Drake* v. *Berry,* 42 *N. J. L.* 60; *Mowery* v. *City of Camden,* 49 *Id.* 106; *Jackson* v. *Mayor, &c., of Newark,* 53 *N. J. Eq.* 322. And this, for the reason, to use the apt language of Mr. Justice Dixon, each step in such proceeding is an unlawful vexation of the party prosecuted, against which this writ is his sole protection. *Mowery* v. *City of Camden,* 49 *N. J. L.* 106, 109, or, because of the wrongful assumption and exercise of an unlawful authority. 11 *C. J.* 93, ¶ 17; *p.* 100, ¶ 26; *p.* 196, ¶ 347; 6 *Cyc.* 745; 5 *R. C. L.* 250, ¶ 3; *p.* 260, ¶ 12.

These proceedings may be likened to what we said in *Murphy* v. *Freeholders of Hudson County,* 92 *N. J. L.* 244, a public officer may maintain *certiorari* to remove from his way a proceeding which he apprehends may be used unlawfully to eject him; or disturb him in the tenure of his office. So here the defendant may invoke the aid of the court, by a writ of *certiorari,* for its protection. It need not wait until something is done under the illegal resolution of the council before it acts.

The resolution of the council of the city of Camden, dated September 25th, 1919, is set aside as null and void. The judgment of the Supreme Court dismissing the writ of *certiorari* is reversed, with costs.

*For affirmance*—THE CHIEF JUSTICE, MINTURN, HEPPENHEIMER, WILLIAMS, ACKERSON, JJ. 5.

*For reversal*—TRENCHARD, BERGEN, BLACK, KATZENBACH, WHITE, TAYLOR, GARDNER, JJ. 7.