## UNITED STATES v. SMITH.

(First Division.   Ketchikan.   January 23, 1922.)

No. 752–KB.

1. **Criminal Law ⬤⇒260(4)—Appeal and Error—Dismissal · of Appeal from Justice's Court.**

Upon conviction for a criminal offense in justice court, the defendant deposited $650 cash in lieu of a supersedeas bond and filed a written notice of appeal. After the formal title of the court and the cause, the notice read as follows: "The plaintiff will please take notice that the defendant intends to appeal to the district court from the verdict and judgment herein"—and signed by the defendant. On motion to dismiss the appeal, *held*, the notice is not sufficient, and the appeal was therefore dismissed.

⬤⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Criminal Law ⬅⟿260(13)—Appearance—General or Special—What Constitutes.**

A transcript on appeal from a conviction for a criminal offense before a justice of the peace was inadvertently filed in the wrong subdivision. The United States attorney appeared specially and filed a motion to dismiss the appeal for fatal defects therein, and also made an ex parte request for the transfer of the papers in the case to the proper subdivision, for the purpose of the hearing of the motion. *Held*, such ex parte request was only incidental, and did not constitute a general appearance in the case.

This cause was submitted on the motion of the United States to dismiss the appeal of the defendant Smith from a judgment of conviction of a violation of section 1 of the Alaska Bone Dry Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3643b), entered on October 25, 1921, by the commissioner and ex officio justice of the peace of the Petersburg precinct. The transcript of the record discloses that the defendant Smith was tried by a jury in the commissioner's court of the Petersburg precinct, for the crime of having in his possession intoxicating liquor, found guilty, and sentenced on October 25th last to pay a fine of $500 and costs.

On October 27th, the defendant filed with the commissioner a purported notice of appeal, and at the same time deposited the sum of $650 in lieu of supersedeas on appeal, apparently under the provisions of section 2331, Code of Criminal Procedure. It will be noted that no bond for costs on appeal, as required by the statute, has been filed; the defendant evidently viewing the cash deposit as a valid substitute for the requirements of the statute.

The notice of appeal, the insufficiency of which is the grounds of the motion to dismiss, is as follows:

"In the Commissioner's Court of the Territory of Alaska, Division No. 1, at Petersburg.

"The United States of America, Plaintiff, v. Jack S. Smith, Defendant.

"The plaintiff will please take notice that the defendant intends to appeal to the district court from the verdict and judgment herein.                              J. S. Smith, Defendant.

"Due service of the above notice is hereby admitted this 27th day of October, 1921.

"Fred E. Handy, Acting District Attorney."

The transcript from the commissioner's court was filed and docketed in the clerk's office at Juneau on December 3, 1921, and on December 9 the district attorney filed a motion to dismiss the appeal, on the ground that no notice of appeal was served on the United States attorney, or private prosecutor, or at all, and on the further ground that the purported notice was insufficient. At the time of filing notice to dismiss the appeal, the United States attorney noticed the hearing of the motion before the court on the first day of the oncoming term at Ketchikan. On December 10, at the request and on the motion of the United States attorney, the papers in the cause were ordered to be transmitted to Ketchikan, for the purpose of use at the hearing on the motion.

Arthur G. Shoup, U. S. Atty., of Ketchikan.
Ernest Blue, of Hyder, for defendant.

REED, District Judge. The notice of appeal is obviously insufficient. The essentials of a notice of appeal from a justice court, under our statute, are clearly set forth in a number of cases. See Neppach v. Jordan, 13 Or. 246, 10 Pac. 341; Weitzman v. Handy, 1 Alaska, 658; Koppitz v. United States (C. C. A.) 272 Fed. 96; Kingsbury v. Pacific Coal & Transp. Co., 3 Alaska, 42.

In United States v. Larsen, 2 Alaska, 577, Moore, District Judge, held in effect that a notice of appeal does not sufficiently describe the judgment appealed from, unless the nature of the crime of which the defendant is convicted is therein set forth.

In Koppitz v. United States, our appellate court says that, "a notice of appeal [from a justice court] being in the nature of judicial process, its sufficiency must be tested by what appears on its face," and in the same opinion indicates how such a notice should be tested.

The notice before us will stand none of the tests prescribed. It does not show whether the cause appealed is civil or criminal; does not give date of judgment, or specify what the judgment is—whether a conviction in a criminal case or a judgment in a civil case. In fact, there is no statement by which the court might identify the judgment appealed from, and therefore the appeal should be dismissed, unless there is merit in the contention of the defendant that the United States

has waived the defect by entering a general appearance in the case, and the court thereby has jurisdiction to try the cause.

In support of his contention, the attorney for the defendant has submitted two Oregon cases—Belknap v. Charlton, 25 Or. 41, 34 Pac. 758, and Jones v. Jones, 59 Or. 308, 117 Pac. 414—to the effect that a general appearance is a submission of the person to the jurisdiction of the court. There is no question about the general rule cited, where the court has jurisdiction of the subject-matter of the action. In both cases, the defendant, without objecting to the jurisdiction of the court, entered a general appearance, and hence submitted to the jurisdiction.

The United States attorney also submitted to the court two Oregon cases, both of which were cases of appeal from the circuit court to the Supreme Court, and were to the effect that the appellee could not waive, even by consent, defects in the notice of appeal. The law of these last two cases is not applicable to the case at bar. The appeal was solely to an appellate court, and that court, as a court of appellate jurisdiction only, could not take jurisdiction of the subject-matter, unless the appeal was properly perfected.

In the case at bar, this court has original jurisdiction of the subject-matter of the action. The trial before this court on appeal is a trial de novo. The rule, as I understand it, is that a trial de novo is an exercise of original jurisdiction, and, although no proper appeal is taken, if the parties appear and submit to jurisdiction of the court, all irregularities of attempted appeal are waived, and the court has jurisdiction of the subject-matter.

Therefore, in the case of an appeal from the justice court, if the appellee, without objection to jurisdiction of the person, shall have entered a general appearance, he will have waived all irregularities in the attempted appeal; and we necessarily must conclude, if the United States attorney has entered a general appearance in the action, the defects in the appeal have been waived, and the notice to dismiss must be denied. The question as to what is a general appearance in an action is often a very difficult question to decide. Whether an appearance is general or special is not to be tested by the mere words of the party appearing, but the substance, purpose, and ef-

fect of the appearance should be the guide. If a party should appear without limitation of form of his appearance and object to the jurisdiction of the court only, it would be a special appearance, even though general in its wording. If relief is asked on the theory that the court has jurisdiction of the action and person, it is a general appearance. The United States Supreme Court, Merchants' Heat & Light Co. v. J. B. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488, has applied the test as being whether or not the party applying becomes an actor in the cause.

The court in Bishop v. Fischer, 94 Kan. 105, 145 Pac. 890, Ann. Cas. 1917B, 450, commenting on the subject, says:

"There is no infallible test for determining when the purpose of an appearance is special and when general. Of course, the mere statement that the appearance is special is not controlling, although it may forestall the ordinary presumption that an appearance is general. Apparently the test applied by the Supreme Court of the United States is whether or not the party applying becomes 'an actor in the cause.' * * * In reality, this supposed test only states the problem in another way."

The Supreme Court of South Dakota, Rogers v. Penobscot Mining Co., 28 S. D. 72, 132 N. W. 793, Ann. Cas. 1914A, 1184, states the test in the following terms:

"If the defendant becomes an affirmative actor in the proceedings and invokes the jurisdiction and power of the court in his own behalf upon matters outside of and beyond pure resistance of the plaintiff's cause of action, his appearance becomes general, and he thereby submits to the jurisdiction of the court." It has been said that "the test as to whether an appearance is special or general is the relief asked; and in determining the character of an appearance the court will always look to matters of substance rather than to matters of form."

A general appearance must be express, or arise by implication from defendant's seeking, taking, or agreeing to some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than contesting the jurisdiction only. The purpose of the appearance must bear some substantial relation to the cause. In other words, it must be a purpose within the cause, not merely collateral thereto. 2 R. C. L. 327; In re Chewancan River, 89 Or. 659, 171 Pac. 402, 175 Pac. 421.

The defendant appellant contends that the motion or ex parte request of the United States attorney for the order of

transfer of the papers was a general appearance. To determine this, in view of the test as to what is such appearance, a statement of the status of the case would be pertinent.

The First division, for the purpose of convenience to litigants and the court, is practically segregated into two divisions for the docketing and trial of causes. In the northern portion of the division, the criminal causes on appeal are docketed at Juneau, while those arising from the southern portion are docketed at Ketchikan. Jurors are likewise drawn from the subdivisions to try cases in their respective subdivisions. Cases arising in Petersburg are generally docketed at Ketchikan, and tried at the terms of court held there, although, on request of the United States attorney, cases will be tried and docketed at either place.

The transcript on appeal in the case at bar was, by the justice, forwarded to the clerk at Juneau, and inadvertently docketed there when the term was about to close. The United States attorney, after the arrival and docketing of the transscript, filed his motion to dismiss the appeal, also with the clerk at Juneau, but noticed the hearing of the motion before the court at Ketchikan, on the first day of the ensuing term. On the day following, he made an ex parte request for the transfer of the papers for the purpose of the hearing of the motion. An order was accordingly issued for such transfer. This order was issued in accordance with a long-standing custom, to enable the clerk to keep a written record and check on the files of his office.

Was such a motion or request a general appearance? I do not deem it to be such. The court, to hear the cause at Ketchikan, would, of its own motion, have ordered the transfer. The motion had no purpose within the cause. The United States attorney thereby was not seeking or taking any step in the action beneficial to his cause or detrimental to plaintiff. The purpose of the motion was collateral to the issues of the cause.

In my opinion, therefore, the contention of the defendant appellant that the United States Attorney entered a general appearance, is not tenable and the appeal must be dismissed.

Let an order be entered accordingly, and judgment rendered against the defendant as in the lower court.