WILLIAM F. LATIMER, PROSECUTOR, v. C. FRANKLIN WILSON ET AL., RESPONDENTS.

Submitted October 16, 1025—Decided January 15, 1926.

**Motor Vehicles—Drunken Drivers—Defendant Alleges No Proper Return to Warrant—Defendant was in Court and Cannot Now Complain.**

On writ of *certiorari* to the judge of the Court of Common Pleas of Morris county.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Wolber & Gilhooly.*

For the respondents, *David F. Barkman.*

PER CURIAM.

This case is before us by virtue of a writ of *certiorari* directed to the judge of the Court of Common Pleas of the county of Morris. The writ brings up the conviction of the prosecutor, William F. Latimer, for violation of section 14, subdivision 3, of chapter 208 of the laws of 1921, as amended by chapter 211 of the laws of 1924. On June 7th, 1925, a complaint under this section of the statute was made against the prosecutor. The complaint alleged that on June 7th, 1925, on a public highway of the township of Denville, in the county of Morris, namely, on Rockaway road, the prosecutor operated a motor vehicle while under the influence of intoxicating liquor. Upon this complaint a warrant was issued commanding that the body of Latimer be taken before Thomas J. Hannon, Esq., justice of the peace. The state of the case shows that Latimer was brought before the justice of the peace, and that a hearing was had in which Latimer testified in his behalf. Latimer was found guilty and a sentence of thirty days in the Morris county jail was imposed by the justice of the peace. Latimer then availed him-

self of the right of appeal by giving the customary notice of appeal. A trial *de novo* in the Court of Common Pleas was afforded Latimer. This court, after hearing all of the testimony offered in support of the complaint and Latimer's witnesses, which included Latimer, found Latimer guilty and imposed a sentence of thirty days in the Morris County jail. A writ of *certiorari* was then applied for and allowed. When the case was moved in the Morris County Court of Common Pleas, a motion was made for the dismissal of the case on the ground that there was no proper return on the warrant issued by the justice of the peace, and for that reason the justice of the peace who tried the defendant was without jurisdiction to try and convict him. We see no merit in this contention. The warrant was issued. Latimer was in court. He participated in the trial.

The warrant commanded that the defendant's body be taken and brought before the justice of the peace. As Latimer was present, either the warrant was executed or Latimer appeared voluntarily. He made no objection to the absence of any return on the warrant. The justice of the peace had jurisdiction of the subject-matter. The participation by Latimer in the trial on the merits waived any question as to whether or or not the justice of of the peace had acquired jurisdiction of the person of the accused. Latimer could not participate in the trial and take his chances of a favorable outcome thereof, and then, if the outsome were not favorable, make the contention, which he now does, that there was no proper return endorsed on the warrant. His presence and participation in the trial waived any question of jurisdiction over his person and any defect in the return, if such there was. *State* v. *Rosenbloom, 3 N. J. Adv. R.* 1713. (Not as yet officially reported.)

The prosecutor next argues that the Court of Common Pleas was without jurisdiction to try and convict the defendant, for the reason that there was no return to the warrant issued by the justice of the peace. This is, in effect, the same question as has already been considered. The answer to the contention is the same. Latimer by his presence and

participation in the trial before the justice of the peace vaived any defect in the return of the warrant.

The two points, which are substantially one, which we have considered, are the only points which, in our opinion, the prosecutor is entitled to argue in this court. The insufficiency of the warrant, on the ground that there, was no proper return made thereon, was the only point raised in the Court of Common Pleas. It is a well-settled principle that in a court of review only those points which was raised and determined below can be considered. *Ryer* v. *Turkel,* 75 *N. J. L.* 677.

This precludes the consideration of the questions briefed by counsel of the prosecutor as to the constitutionality of the act under which the proceedings were instituted, in that it deprived the prosecutor of a trial by jury and gave to the Court of Common Pleas the power to try, summarily, without a jury, a criminal offense, and provided for compulsory imprisonment in the workhouse.

The judgment of the Morris County Court of Common Pleas is affirmed.