WILLIAM WOODHEAD, PROSECUTOR, v. STATE OF NEW JERSEY, RESPONDENT.

Submitted May 14, 1926—Decided September 30, 1926.

1. Under Motor Vehicle act (*Pamph. L.* 1921, *p.* 643, §§ 25, 38), any magistrate of the county has jurisdiction to entertain and try complaints of violations, except in cities having a police justice or recorder.
2. Under Motor Vehicle act (*Pamph. L.* 1921, *p.* 643), in case of appeal to the Common Pleas from a conviction, if the appellant fail or refuse to move the appeal when regularly called, it should be dismissed.
3. When such dismissal is ordered, there is no affirmance or new sentence in the Common Pleas, but the original sentence by the magistrate remains in force and should be executed.

On *certiorari* to the Bergen Common Pleas Court.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Benjamin J. Spitz.*

For the respondent, *Jacob W. De Yoe.*

The opinion of the court was delivered by

PARKER, J. This writ brings up the conviction of the prosecutor before a justice of the peace of Bergen county, for violation of paragraph 3 of section 14 of the Motor Vehicle act (*Pamph. L.* 1921—at *p.* 665), relating to driving while under the influence of intoxicating liquor.

There was an appeal to the Common Pleas, and that appeal was dismissed because the appellant refused to go on with it when called upon by the court to do so, and the writ brings up this record also.

The first point made is that there was no jurisdiction of the original magistrate over the person of the prosecutor, because the warrant does not appear on its face to have been returned by one who was a proper officer to execute it. It

was, in fact, given to a police officer of the municipality and returned over his signature, but he failed to add the words "police officer" to that signature. But we do not think that is fatal; he was, in fact, a police officer; the prosecutor had been arrested, was in court, made no challenge to the jurisdiction, the evidence for the prosecution was heard, he was asked if he had anything to say, and said, in substance: "Nothing; that he was not drunk at the time of the arrest or of the trial." This is enough, we think, to bring the case within the rule of *Latimer* v. *Wilson,* 4 *N. J. Mis. R.* 265; 132 *Atl. Rep.* 325.

Next, that the magistrate had no jurisdiction over the subject-matter. He was a justice of the peace of the county of Bergen; the offense and trial took place in Ridgewood, which has a recorder; it is a village; villages having over five thousand inhabitants may have recorders. *Pamph. L.* 1914, *p.* 100. The objection is rested on section 38 of the Motor Vehicle act (*Pamph. L.* 1921, *p.* 686), which says that "nothing in this act shall be construed to give jurisdiction to justices of the peace in any city having a police justice or recorder's court," but a village is not a city. An earlier section of the act, section 25, says: "Any magistrate of the county, or recorder or police magistrate of any municipality in which the offense is committed," may deal with any violation of the act. Quite plainly, justices of the peace, as magistrates, have concurrent jurisdiction with municipal magistrates except in cities having a recorder or police justice. There are none such in Bergen county.

The third and last point is that the Court of Common Pleas determined the appeal, and, inferentially, affirmed the conviction or found a new conviction, without taking any evidence as to the commission of the offense. On this point the precise facts are as follows: The Court of Common Pleas, having ruled adversely on the technical points of procedure, said to counsel, "are you ready to proceed?"

Mr. Spitz—"We are not going to proceed, we claim we are not properly in court."

Mr. De Yoe—"Do they continue the appeal then?"

The Court—"Are you appearing now on the prosecution of this appeal?"

Mr. Spitz—"No."

The Court—"The appeal will be dismissed, defendant found guilty, and the man is to be committed to jail for the term set forth in the original commitment."

It is claimed that this amounted to an affirmance, and without any trial *de novo* as contemplated by the statute. But we consider it as a dismissal. The statute makes no specific provision for cases where the appeal is not moved, but that should not paralyze the arm of the law. It is fundamental in all classes of cases that an appeal should be brought on, or, in default, be dismissed. In *Lum* v. *Price,* 16 *N. J. L.* 195, a justice appeal, it was held that appellant must "prosecute" his appeal, or it will be properly dismissed. *State* v. *Bidleman,* 17 *Id.* 20, is not to the contrary. If the appellant moves the case, the respondent must prove the main case over again; but if appellant refuses to move the case, that ends it, and dismissal is in order. The finding of guilty in the Pleas is wrong, but the committal on the original sentence right; so the new finding may be dismissed as surplusage.

The writ of *certiorari* will be dismissed, to the end that the judgment of the magistrate be executed. Respondent is entitled to costs.