FRANK GREENHALGH, PROSECUTOR, v. JAMES D. McCABE, RECORDER, ETC., DEFENDANT.

Argued January 17, 1933—Decided February 14, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Joseph F. S. Fitzpatrick*.

For the defendant, *Nicholas S. Schloeder*.

PER CURIAM.

The writ brings up "a certain decision rendered October 10th, 1932, by" (respondent as recorder) "denying the motion of Frank Greenhalgh * * * made in a special appearance before said recorder, to dismiss a complaint for lack of said recorder's jurisdiction to hear same," specifying the statutory authority under which said complaint was made.

No judgment was entered. The challenge to jurisdiction was made *in limine;* and in such case *certiorari* lies only where either the statutory tribunal has no jurisdiction at all over the subject-matter, or has not legally acquired jurisdiction of the case. *Mowery* v. *Camden,* 49 *N. J. L.* 106; 6 *Atl. Rep.* 438; *Palese* v. *Lane,* 95 *Atl. Rep.* 126; *Croasdale* v. *Court of Quarter Sessions,* 88 *N. J. L.* 506; 97 *Atl. Rep.* 285; 89 *N. J. L.* 711; 99 *Atl. Rep.* 1070; *Public Service Railway Co.* v. *Camden,* 95 *N. J. L.* 190; 112 *Atl. Rep.* 421; *Katz.*v. *Eldredge,* 97 *N. J. L.* 123 (at *p.* 140); 117 *Atl. Rep.* 841.

There is no doubt of the jurisdiction of the recorder over

the subject-matter. The prosecutor was arrested on sight by a traffic officer for driving an automobile while intoxicated, at two-fifty A. M., on September 23d, 1932. A complaint was drawn at once and sworn to by the officer, and warrant issued thereon. The claim is made that no warrant was issued, and that this is shown by the fact that there is no entry to that effect in the recorder's docket as returned; but the return shows the warrant itself, dated September 23d, 1932, and the stenographic transcript included by prosecutor in the state of the case shows that on October 10th, to which date the matter had been adjourned after prosecutor had been released on bail, his counsel moved a dismissal for lack of a warrant, whereupon the recorder produced that document. True, the return printed thereon had the blanks unfilled, and had not been signed by the officer; but it is perfectly clear that the prosecutor had been arrested by the officer for an offense committed in the presence of the latter, had been brought at once before the recorder, a complaint had been sworn to and filed, and warrant issued thereon. The man was actually in court when released on bail to return on a later date, which seems to have been October 10th. There was no challenge on September 23d to the lack of a return of the warrant.

What manifestly took place was that prosecutor requested an adjournment, pending which he gave bail. Thereby he submitted himself to the jurisdiction of the court. *State* v. *Baker,* 102 *N. J. L.* 349, 351; 133 *Atl. Rep.* 785. See 4 *C. J.* 1331. The objection of non-return of the warrant came over two weeks afterward, when it was too late to raise it. As to the failure to enter anything about the warrant in the docket, it is probably immaterial in view of what has just been said, but in any event the appearance of the warrant itself as a part of the return disposes of any omission of it in the docket as merely a clerical oversight.

The prosecutor was generally in court by voluntary appearance, and cannot complain of irregularity in the matter of the warrant. *Latimer* v. *Wilson,* 4 *N. J. Mis. R.* 265; 132 *Atl. Rep.* 325.

There are five points in the brief but they all amount to the one proposition that the recorder had no jurisdiction for lack of warrant and return. We think that he had, and the writ is therefore dismissed, with costs, and the cause remanded for trial.