BREEN IRON WORKS, PROSECUTOR, v. GRACE RICHARD-
SON, DEFENDANT.

Argued May 10, 1935—Decided July 20, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Merritt Lane*.

For the defendant, *Frank G. Turner*.

The opinion of the court was delivered by

PARKER, J.   The writ brings up for review an order dated January 15th, 1935, by Deputy Commissioner Wegner in a workmen's compensation case.   All the five reasons filed by prosecutor are directed to the alleged lack of jurisdiction of the deputy commissioner to make the order.   That order amounted to a reopening of a case in which the petition had been dismissed, on the ground that the dismissal, in view of the decision of this court in *DeRensis* v. *Federal Leather Co.*, 113 *N. J. L.* 235, had been erroneously ordered.   In other words, the bureau undertook to reinstate the case for rehearing because of the cited decision.

A short sketch of the history of the litigation is needed for a clear understanding of the controversy now before us.

Petitioner is the widow of Robert Richardson, now deceased, who, on March 9th, 1931, was employed by prosecu-

tor, Breen Iron Works, and claimed to have sustained on that day an accident entitling him to compensation. He filed a petition May 9th, 1931, which was answered, and on July 7th, the hearing was begun before Deputy Commissioner Stair. Two of Richardson's fellow employes testified to the occurrence and character of the accident. This testimony does not seem to be part of the return to the writ, nor is it mentioned in the stipulation of attorneys, which contains an abstract of Robert Richardson's petition and the answer. However, counsel on both sides refer to it in their briefs, so it may properly be treated as before us in some aspects of the case. The transcript contains no note of any adjournment, and counsel for defendant, Grace Richardson, claims that the trial "was abandoned."

Continuing the chronology of the case: it may be gathered that the parties opened negotiations for a settlement on the theory that liability, though denied, would probably be found, and with a view of agreeing on the *quantum* of compensation. Medical examinations were made on both sides, settlement was arranged on the basis of seven and one-half per cent. disability and medical and counsel fees; and the parties and counsel came before Deputy Commissioner Corbin on September 30th, 1931, announcing the settlement "to terminate the case as a complete and final close-out, with the understanding that the man cannot come back and reopen the case at any time," and stating the terms. The petitioner was sworn, and testified to his concurrence in the settlement, and said he was satisfied with it, not to be reopened, however his condition might change. A Doctor Trainor was sworn for petitioner, and testified that seven and one-half per cent. was a fair settlement. This closed the evidence, the commissioner said that he "approved the settlement" and signed a somewhat lengthy order for judgment, reciting the facts substantially as above, and expressly reciting the testimony of Richardson and Dr. Trainor, and his own finding thereon that the settlement was a fair one, and to the interests of the parties "as a complete and final disposition of the case for all time." Accordingly, he made order for payments as

stipulated, and in detail. This order is dated October 3d, 1931.

Richardson died July 11th, 1933, and on or about August 2d, the widow filed a new petition based on the same alleged accident and claiming for her husband's death. The answer set up the previous claim, the settlement and adjudication thereon, and prayed dismissal on the ground of *res judicata* and the expiration of the period of limitation. This was brought to a hearing on October 3d, 1933, just two years after the award in the first case. Petitioner's attorney conceded that the case of *Federated Metals Co.* v. *Boyko,* 11 *N. J. Mis. R.* 807; *affirmed,* 112 *N. J. L.* 87, on the opinion of this court was controlling; and the deputy commissioner accordingly dismissed the petition. So far as appears, there was no appeal.

On August 6th, 1934, this court decided the case of *Federal Leather Co.* v. *DeRensis, supra,* holding that on a petition for enlargement of a previous award, claiming an increase in disability, a compromise award, based on no testimony touching the employment or the injury as growing out of it, created no estoppel to the second petition under the rule in *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502. On November 16th, 1934, over a year after the dismissal of the widow's petition, her counsel obtained a rule to show cause why the dismissal should not be opened; and on January 15th, 1935, that rule was made absolute by the rule or order particularly called for by the present writ.

The objection is made at the outset that the order of January 15th is interlocutory, and that *certiorari* should not be awarded until after final judgment. Such is of course the general rule, where the inferior tribunal has jurisdiction of the parties and subject-matter. *Mowery* v. *Camden,* 49 *N. J. L.* 106; *Farrow* v. *Springer,* 57 *Id.* 353; *Woolley* v. *Bell,* 69 *Id.* 581; *Palese* v. *Lane,* 95 *Atl. Rep.* 126; *Crawford* v. *Hendee,* 95 *N. J. L.* 372; *Greenhalgh* v. *McCabe,* 11 *N. J. Mis. R.* 87; 165 *Atl. Rep.* 96. But the disposition of this point appears to involve the merits of the matter, which we therefore proceed to examine.

In the first place, the wife's petition of August 2d, 1933, was the institution of a new proceeding, and not an application for increased compensation because of increased disability under paragraph 21 (f) of the act as amended, *Pamph. L.* 1931, *p.* 704 (*N. J. Stat. Annual* 1931, *p.* 533, § **236-24(8). *Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170; 127 *Atl. Rep.* 212. Apparently it was "within two years after the last payment of compensation." *Pamph. L.* 1931, *p.* 708; *N. J. Stat. Annual* 1931, *p.* 536, § **236-46. At the hearing, as we have said, the deputy commissioner dismissed it as barred by the former judgment, on the authority of the Boyko case, *supra;* and no appeal was taken, or was the dismissal question challenged in any way until counsel became aware of the later DeRensis decision and made his application to reopen the matter. The time to appeal had long since expired. The power to reopen is implied in the statute, paragraph 11 as amended in 1921. *Pamph. L., p.* 733; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3892, § **236-52. The legislature has imposed no time limit on reopening, though in cases of appeal the limit is thirty days. In *Katz* v. *Zepela,* 10 *N. J. Mis. R.* 258 (at *p.* 260), we said, referring to *Rose* v. *Wagner Construction Co.,* 2 *N. J. Mis. R.* 118: "the effect of the above decision would seem to be to give the bureau the same control over its judgments that the common law courts have, and the rule there is that the power can be exercised at any time that the cause remains under the court's control provided the moving party embraces the first opportunity he has of presenting his case."

The Katz case presented features of expiration of time limit similar to those in the present case; but it involved also the issue of fraud on the New Jersey bureau, see foot of page 259. In *Plaskon* v. *National Sulphur Co.,* 113 *N. J. L.* 253, a determination by the bureau was reopened after six years on the ground of newly discovered evidence, and this court on *certiorari* after affirmance in the pleas, in turn affirmed. The Court of Errors and Appeals reversed, but solely on the ground that the "newly discovered" evidence could readily have been produced at the original trial. The

question of lapse of time as *per se* barring an application to reopen does not seem to have been particularly considered.

Reverting to the claim that *certiorari* will not lie at this stage: the rule, as laid down by the late Mr. Justice Dixon in *Mowery* v. *Camden, supra* (at *p.* 109), is that "when the purpose is to review the proceedings of a special tribunal, on complaint of irregular procedure in matters legally brought within its jurisdiction, a *certiorari may* legally issue before final decision, but ordinarily *should not* be allowed until then, for haply the tribunal may correct its own error in time; when the design is to reverse proceedings of special tribunals in matters not legally brought within their jurisdiction, then the writ of *certiorari* may legally, and ordinarily should, be allowed when asked for, either before or after final decision, because each step in such proceedings is an unlawful vexation of the party prosecuted, against which this writ is his sole protection. The discretion of this court in the allowance and dismissal of the writ, and now also with regard to costs on final judgment, affords an adequate safeguard against any abuse."

The present case appeals to us as one in which the bureau was *functus officio* and powerless to recall its judgment except for fraud or newly discovered evidence. There is no allegation of fraud; there is no allegation of newly discovered evidence. The naked situation is that in dismissing the petition the commissioner, after a disclaimer of objection by petitioner's counsel, followed what he believed to be the settled law, and matters rested in that condition for ten months until a later decision by this court prompted the application to reopen. This was precisely the legal situation in *Miller* v. *McCutcheon,* 117 *N. J. Eq.* 123, where the Court of Errors and Appeals intervened at the outset to bar a rehearing sought because the parties seeking it found that the United States Supreme Court had changed its view on the point at issue. Similarly in *Dieckman* v. *Walser,* 114 *Id.* 382, the Court of Errors and Appeals overruled *Smith* v. *Colonial Woodworking Co.,* 110 *Id.* 418, and a rehearing of that case was prayed, but denied. *Interest rei publicæ ut sit finis litium.* It is

safe to say that if the DeRensis case had not "happened along" nothing more would have been heard of the claim of this petitioner. The rule that a rehearing should be asked within the time allowed for appeal—a rule well established in this state—is a sound one, and carries weight in the present case.

We conclude that the averments of the application to reopen were insufficient to endow the bureau with jurisdiction to reconsider its former judgment, and the order under review will therefore be set aside, with costs.