JAMES A. MAGUIRE, RELATOR-APPELLANT, v. JOSEPH H. VanMETER, SHERIFF OF CAMDEN COUNTY, AND THE COUNTY OF CAMDEN, RESPONDENTS-APPELLEES.

Submitted May 27, 1938—Decided September 16, 1938.

For the relator-appellant, *Meyer L. Sakin.*

For the respondents-appellees, *Walter S. Keown (George D. Rothermel,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   This matter was argued before Justice Donges in the Supreme Court on rule to show cause why a *mandamus* should not issue.   The writ was denied. The court, however, permitted a moulding of the pleadings as though the determination had been on demurrer to a return to an ·alternative writ.   The relator appeals.

From the record before us these facts appear:  The relator, James A. Maguire, was in the employ of Camden county as a guard in the county jail.  He was protected in the position he occupied by the provisions of the Civil Service act.  The sheriff of the county, his immediate superior, suspended him on August 24th, 1937, for conduct unbecoming a public

officer, to wit, intoxication. He was tried on this charge and dismissed on August 28th, 1937. On appeal to the State Civil Service Commission, it was ordered by that tribunal that the relator be returned to duty as of February 22d, 1938. The finding and judgment of the commission are set out in full in the state of case. In substance it is a concurrence in the determination of the departmental head that the relator was guilty of the charge upon which he was tried. The finding then goes on to say, "On the basis of the testimony offered, it is clear that the appellant should be disciplined, but it is the conclusion of the commission that the extreme penalty of dismissal does not fit the case. A suspension and loss of pay for a considerable period would seem to be fully adequate. The commission suggests six months as a maximum." Thereupon it was ordered that the appellant "be returned to duty, with pay, as of February 22d, 1938."

The relator reported for duty on February 22d, 1938, and thereafter from day to day, but the respondents declined to reinstate him. This was the posture of things when, on rule to show cause, his application for *mandamus* was denied, as mentioned above.

On this appeal, it is argued that since the respondents have not appealed from the judgment of the Civil Service Commission then the relator is entitled to the benefits of the decision and that the failure of the respondents to reinstate the relator is illegal and oppressive. In support of this position, it is said that the judgment of the Civil Service Commission is final; that the issue is *res judicata;* and, in any event, the judgment of the Civil Service Commission may not be collaterally attacked.

We think there is no merit whatever in the appellant's position. The Civil Service Commission is a statutory tribunal and possesses no jurisdiction except that which is expressly conferred by statute. It may affirm or reverse the finding of a departmental head in a case such as this but it may not modify it. *Newark* v. *Civil Service Commission,* 115 *N. J. L.* 26.

The relator, a person in the paid service of the county, was

included in the classified service as fixed by law (*Rev. Stat.* 11:22-3) and as such may not be disciplined until furnished with a written statement of the reasons therefor and the allowance of a reasonable time to make answer thereto. *Rev. Stat.* 11:22-38. The relator applied for and received a hearing in review of these charges before the Civil Service Commission. *Rev. Stat.* 11:22-39. This section of the statute, after a provision for notice of time and place for hearing, reads: "The commission shall hear witnesses and receive all competent evidence produced and may compel, by subpœna, the attendance of witnesses and the production of evidence. The commission shall determine the case upon the evidence presented. If the commission shall, on such hearing, disapprove of the order of removal, discharge, fine or reduction, such order so disapproved shall be of no effect." The meaning and fair intendment of the statutory language admits of no doubt. It authorizes a reversal or affirmance of the determination under review—nothing more. No power to modify can be extracted from the language of the statute.

Nor is there any substance in the further point made by the appellant that the judgment of the Civil Service Commission may not be attacked collaterally. That proposition would be sound were the judgment under review that of a tribunal possessed of jurisdiction to make such finding and judgment, but want of jurisdiction over the subject-matter subjects the judgment of this commission to collateral attack. Indeed lack of jurisdiction will subject the judgment of any court to collateral attack for such judgment is wholly nugatory and may be disregarded as it was in the instant case. In legal contemplation it is wholly inoperative because it was not within the power of the commission to enter such judgment. Compare *Clay* v. *Civil Service Commission,* 89 *N. J. L.* 194. In that case an attempt on the part of the Civil Service Commission to adjudicate the title to an office was held by this court to be absolutely void. On *certiorari,* the Supreme Court dismissed the writ. This court affirmed, but for other reasons, saying, "to justify the allowance of a writ of *certiorari* it must appear that the matter sought to be

reviewed has at least some semblance of vitality, that as long as it stands it affects some right or interest of the party applying for the writ." In other words, the judgment of a tribunal lacking jurisdiction to enter such judgment is utterly void. That is the situation here.

The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.