### CITY OF ANCHORAGE v. ANDERSON.
### No. A–6817.

District Court, Alaska. Third Division. Anchorage.
Sept. 12, 1951.

414

Hellenthal & Cottis, Anchorage, for plaintiff.

George B. Grigsby, Anchorage, for defendant.

FOLTA, District Judge.

The question presented is whether an appeal to this Court from a judgment of conviction of a municipal court may be dismissed for failure of the defendant to appear for trial.

Defendant was convicted on March 21, 1951, of operating a business without the license required by an Ordinance of the City of Anchorage, and sentenced to pay a fine of $5. He appealed to this Court which, upon his failure to appear for trial, ordered his bail of $100 forfeited, dismissed the appeal and gave judgment as in the Court below, as apparently required by Section 69–6–9, A.C.L.A. 1949, which provides "That when an appeal is dismissed the appellate court must give judgment as it was given in the court below".

Defendant contends that it was beyond the power of the Court to dismiss the appeal except on his motion and in support thereof argues that since on appeal trial is de novo the case must be dealt with as though it originated in the District Court and that to dismiss the appeal and enter judgment as in the Court below, would be tantamount to a conviction without trial.

 I am of the opinion that this contention cannot be sustained. A trial de novo does not require that the case be treated in all respects as though it originated in the appellate court. United States v. Meyers, 2 Alaska 158; United States v. Smith, 6 Alaska 472; Application of

Jorge, 10 Alaska 633, cited by defendant, do not hold that there may be no dismissal for failure of the defendant to appear for trial. In Cartier v. United States, 9 Cir., 148 F. 804, upon which the defendant principally relies, the dismissal by the District Court was for insufficiency of the notice of appeal. The reversal was on the ground that this defect was not available where the appeal had been perfected. Not only is that case, therefore, readily distinguishable on the facts from the case at bar, but the dismissal was made at a preliminary stage. Moreover, the provision of Section 69–6–9, quoted, itself negatives the view that the case must be treated as though it originated in the District Court. Nor do I think there is any merit in the contention that the action of this Court was in effect a finding of guilt without a trial. The defendant had been given a trial in the Municipal Court. He took an appeal to this Court but failed to appear for trial. In such a situation, the entry of a judgment as in the Court below, as Section 69–6–9 apparently requires, would not seem to be lacking in fairness or due process. To hold otherwise would encourage wholesale evasion of law and nullify the judgments of the lower courts. See Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406, in conjunction with City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607, 610; Rochelle v. Sharp, 183 Okl. 334, 82 P.2d 813; Brenard Manufacturing Co. v. Pate & Self, 178 Ark. 163, 10 S.W.2d 489; Fowlkes v. Central Supply Co., 187 Ark. 201, 58 S.W.2d 922. The rule which I believe to be decisive of this controversy is that illustrated in Hegwood v. State, 208 Miss. 517, 44 So.2d 850; State v. Goodchild, 146 Wash. 81, 261 P. 786; Woodhead v. State, 102 N.J.L. 519, 134 A. 556, and Colley v. State, 143 Ark. 536, 220 S.W. 834.

Some support may be found for the defendant's views in civil cases such as Chenowith v. Keenan, 61 W.Va. 108, 55 S.E. 991, but an examination of them discloses that all involve different statutory provisions, and in any event, as

416

already pointed out, this line of authority could not be followed without incurring the consequences referred to.

Accordingly, I am of the opinion that the dismissal of the appeal and entry of judgment as in the Municipal Court were proper.