18 N.J. Super. 543 (1952)
87 A.2d 736
OSCAR E. ADOLPH, PLAINTIFF-APPELLANT,
v.
ELASTIC STOP NUT CORPORATION OF AMERICA, A NEW JERSEY CORPORATION, AND BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1952.
Decided March 31, 1952.
*544 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Otto E. Adolph argued the cause for the plaintiff-appellant.
Mr. Clarence F. McGovern argued the cause for the defendants-respondents.
The opinion of the court was delivered by EASTWOOD, J.A.D.
This appeal raises the sole question: If no application to reopen the decision of the Board of Review. Division of Employment Security, Department of Labor and Industry (hereinafter referred to as the "Board"), has been filed within ten days after the mailing of the decision, is it deemed the final decision of the Board, end is the Board thereby precluded from initiating further *545 proceedings or making further determinations on its own motion with respect thereto?
The decision of the Board was, on December 12, 1950, transmitted by mail to the parties with the accompanying statement that the decision would become final on December 22, 1950, unless it was reopened for good cause shown pursuant to an application filed within that time, and that the decision could be appealed to the Superior Court, Appellate Division, within ten days after the decision became final, or before January 1, 1951. No application to reopen said decision was made by either the employer or employee nor was any appeal undertaken. On January 9, the Board, on its own motion, ordered the matter reopened and stayed all proceedings until the further order of the Board. Due notice of the rehearing was mailed to the parties by the Board under date of January 16, 1951, fixing the hearing date as January 24, 1951. At the rehearing, the claimant appeared before the Board represented by his attorney. Subsequently, on March 16, 1951, the Board filed a decision reversing its prior decision of November 22, 1950. Following a hearing on the plaintiff's application attacking the validity of the Board's decision of March 16, 1951, the Board denied his motion to vacate, whereupon plaintiff filed this appeal.
The plaintiff contends that the Board is without statutory authority or legal basis to reopen its own decisions after such decision has become final; that, while R.S. 43:21-6 (e) permits the Board, on its own motion, to affirm, modify or set aside any decision of an "appeal tribunal," nowhere does the statute confer upon the Board authority to affirm, modify or set aside its own decisions; that R.S. 43:21-6 (h) effectively bars such action by the Board. The pertinent part of R.S. 43:21-6 (h), relied upon by the plaintiff, reads: "* * * any decision of the board of review in the absence of an appeal therefrom as herein provided shall become final ten days after the date of notification or mailing thereof. * * *"
At the outset, assuming arguendo, that the limitation of the Board to reconsider is restricted to the period of time *546 for appeal, the limitation fixed by the statute would not prevail, but must yield to the rule-making power of the Supreme Court. At the time in question, the pertinent rule provided that an appeal from an administrative agency must be taken within 30 days "from the date of the service of the decision of the agency." Rules 1:2-5, 4:2-5. Presently, as amended, January 1, 1952, it is 45 days. Here, the Board asserts that assuming its action is limited to the statutory period of time for appeal then effective (Rules 1:2-5, 4:2-5), its action to reopen and reconsider was taken within the 30 day period. The record seems to support this assertion and it is not refuted by the plaintiff. See Winberry v. Salisbury, 5 N.J. 240 (1950); In re Pfizer, 6 N.J. 233 (1951). In Weaver v. Tp. of North Bergen, 6 N.J. 475 (1951), which concerns an appeal from the decision of the Civil Service Commission, Mr. Justice Wachenfeld, speaking for the court, stated at p. 478:
"The pertinent rule is 3:81-8. It provides a review of the final decision or action of any state administrative agency shall be by appeal to the Appellant Division and such appeal shall be instituted by filing a notice of appeal with the Appellate Division together with an affidavit of acknowledgment of service of copies of the notice of appeal upon the agency and all other parties to the proceeding or their attorneys. This rule, like Rule 1:2-4 (a), makes the filing of the notice of appeal one of the prerequisites, while Rules 1:2-5 and 4:2-5 fix the time of performance."
Cf. Fischer v. Twp. of Bedminster, 5 N.J. 534 (1950).
So far as the rule in New Jersey is concerned, there can be no doubt as to the authority of the Board to reopen and reconsider its decision. The functions of the Board are quasi-judicial, which term is used to describe governmental officers, boards and agencies which, while not a part of the judiciary, nevertheless perform functions of a judicial character. Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940); affirmed 125 N.J.L. 367 (E. & A. 1940); McFeely v. Board of Pension Com'rs., 1 N.J. 212 (1948). Here, the administrative tribunal was under a duty to consider evidence *547 and apply the law to the facts as found and to exercise a discretion of judgment judicial in nature on evidentiary facts; therefore, the function is quasi-judicial and not ministerial. McFeely v. Board of Pension Com'rs., supra. While a research of the decided cases from other jurisdictions indicates that in some states the right of an administrative agency to reopen and reconsider its decision is limited to the period of time within which an appeal may be taken (42 Am. Jur. Public Administrative Law, sec. 174, 181, pp. 535, 538, 545; Lyons v. Delaware Liquor Commission, 58 A.2d 889 (Ct. Gen'l. Sess. 1948)), the applicable rule in New Jersey is set forth in the case of Handlon v. Town of Belleville, 4 N.J. 99, 106, 107 (1950), wherein Mr. Justice Heher stated:
"In analogy to the authority of courts of general jurisdiction at common law, administrative tribunals possess the inherent power of reconsideration of their judicial acts, except as qualified by statute. This function arises by necessary implication to serve the statutory policy. McFeely v. Board of Pension Commissioners, supra. In early times the power was exercisable by the common-law courts `at any time while the cause' remained `within the power and under the control of the court, provided the party' had `not slept on his rights, but * * * embraced the first opportunity he had of presenting his case,' and the court could `hear the defendant without endangering the rights of the plaintiff as against him.' Kelly v. Bell, 17 N.J.L. 270 (Sup. Ct. 1839); Assets Development Co. v. Wall, 97 N.J.L. 468 (E. & A. 1922). See, also, Breen Iron Works v. Richardson, 115 N.J.L. 305 (Sup. Ct. 1935). Out of a natural respect for the finality of judgments, the judicial hand was stayed unless the moving party practiced due diligence. Barring statutory regulation, the power may be invoked by administrative agencies to serve the ends of essential justice and the policy of the law. But there must be reasonable diligence. The denial to such tribunals of the authority to correct error and injustice and to revise its judgments for good and sufficient cause would run counter to the public interest. The function cannot be denied except by legislative fiat; and there is none such here. The power of correction and revision, the better to serve the statutory policy, is of the very nature of such governmental agencies. It involves the exercise of a sound discretion, controlled by the statutory considerations and dictates of justice; the action taken must rest on reasonable grounds and be in no sense arbitrary.
But the performance of this function is likewise conditioned by the demands of procedural due process for the protection of private and public interests. There cannot be a substantial change in the rights *548 of the parties without a hearing on notice. Murphy v. Farr, 11 N.J.L. 186 (Sup. Ct. 1829); Protomastro v. Board of Adjustment of Hoboken, 3 N.J. 494 (1950); McFeely v. Board of Pension Commissioners, supra. * * *"
See also Fischer v. Twp. of Bedminster, supra.
In addition to the provisions of R.S. 43:21-6 (e) and (h), the plaintiff relies upon the case of Maguire v. VanMeter, 121 N.J.L. 150 (E. & A. 1938). The Maguire case is not apposite. It did not deal with any attempt by the administrative agency (Civil Service Commission), to modify its own determination. Rather, on appeal, it modified the penalty imposed by the Camden County's departmental head upon one of its employees, stating "it is the conclusion of the commission that the extreme penalty of dismissal does not fit the case"; that a suspension and loss of pay for a period of six months was sufficient and, therefore, directed the appellant be returned to duty. On appeal, the Court of Errors and Appeals held that the Civil Service Commission had no authority to modify the penalty imposed by the departmental head; it could only affirm or reverse, R.S. 11:22-39. Under authority of L. 1938, c. 76, p. 191, sec. 1, as amended, L. 1946, c. 184, p. 771, sec. 1, N.J.S.A. 11:2A-1, the Civil Service Commission is now possessed of the power of revocation or modification. See Dutcher v. Department of Civil Service, 7 N.J. Super. 156 (App. Div. 1950).
Under the controlling rule of New Jersey, the administrative agency here possessed the inherent power of reconsideration of its decision and complied with the condition of procedural due process by giving the parties due notice of the hearing and an opportunity to be heard. Handlon v. Town of Belleville, supra.
The decision of the Board is affirmed.